IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:17-CV-2989-D |
| VS. | § |
| | § |
| $4,480,466.16 IN FUNDS SEIZED | § |
| FROM BANK OF AMERICA | § |
| ACCOUNT ENDING IN 2653, et al., | § |
| | § |
| Defendants *in rem*. | § |

MEMORANDUM OPINION
AND ORDER

In this civil forfeiture action, claimants Retail Ready Career Center, Inc. ("RRCC"), Jonathan Davis ("Davis"), Melissa Richey ("Richey"), Lake Forrest Drive Properties, Inc. ("Lake Forrest"), Clear Conscience, LLC ("Clear Conscience"), and Trades United Inc. ("Trades United") (collectively, "claimants") move to dismiss the first amended complaint ("amended complaint") and for a more definite statement.[1] Claimants have also filed two motions to unseal court records. The government moves under 18 U.S.C. § 981(g)(1) to stay this proceeding during the pendency of a related, ongoing criminal investigation, and it moves under Fed. R. Civ. P. 12(b)(6) to dismiss RRCC's counterclaims. For the following reasons, the court denies the government's motion to stay; grants the government's motion to dismiss RRCC's counterclaims; denies as moot claimants' motions to dismiss plaintiff's

---

[1]Claimants also move to dismiss the complaint, but, as discussed below, *see infra* § III (A), these motions are moot.

complaint; grants claimants' motions to dismiss plaintiff's amended complaint; denies claimants' motions to unseal court records; and grants the government leave to file a second amended complaint in order to comply with Supp. R. G(2)(f).

I

In September and October 2017, the government seized certain property (collectively, the "defendant property") as derived from proceeds traceable to a violation, violations, or conspiracy to violate federal law.[2] On October 30, 2017 the government filed the instant *in rem* action, alleging, *inter alia*, that the defendant property

> is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 981(a)(1)(D), and 18 U.S.C. § 982(a)(3) because it is derived from proceeds traceable to a violation, violations, or conspiracy to violate 18 U.S.C. § 1031, 18 U.S.C. §§ 286 and 371, 18 U.S.C. § 641, 18 U.S.C. § 1001, 18 U.S.C. § 1341, and 18 U.S.C. § 1343 [as] is shown by the Verification Affidavit in Support of the United States' Complaint for Forfeiture of Special Agent Miguel Coias, filed under seal, and incorporated as Plaintiff's Exhibit 1, in the Appendix filed in support of this Complaint.

---

[2]The government seized $4,480,466.16 in funds from a Bank of America account ending in 2653; $146,370.00 in funds from a Bank of America account ending in 0252; $77,437.59 in funds from a Charles Schwab account ending in 8588; $263.47 in funds from a Wells Fargo account ending in 2092; $9,668.28 in funds from a Bank of Utah account ending in 2251; $2,814.51 in funds from a Bank of Utah account ending in 0784; a 2014 Lamborghini Aventador; a 2016 Ferrari 488; a 2017 Bentley Continental GT V8; a 2017 Mercedes-Benz AMG S63; a 2016 Mercedes-Benz G63; a 2016 Dodge Ram 2500; a 2016 BMW Alpina; real property located at 14888 Lake Forest Drive in Dallas, Texas; and $11,005.00 in funds from a Capital One account ending in 2713.

Compl. ¶ 6.[3]

After receiving notice of the action, claimants filed verified claims to the defendant property. They then moved, in three separate motions, to dismiss the complaint and for a more definite statement. They also moved to unseal court records. On December 14, 2017 the government filed the amended complaint and moved to dismiss the constitutional counterclaims of claimant RRCC. Claimants, again in three separate motions filed on December 29, 2017, moved to dismiss the amended complaint and for a more definite statement. They also filed a second motion to unseal court records. On January 18, 2018 the government filed a motion to stay, pursuant to 18 U.S.C. § 981(g)(1), on the ground that a stay is necessary to protect the ongoing criminal investigation from expansive civil discovery. The court now addresses these motions.[4]

II

The court turns first to the government's motion to stay.

A

The government seeks a stay of this civil forfeiture action against the defendant properties pursuant to 18 U.S.C. § 981(g)(1), which provides, in pertinent part: "[u]pon the

---

[3]The amended complaint contains a similar allegation, except that it also cites 28 U.S.C. § 2461(c). *See* Am. Compl. ¶ 6.

[4]Two other motions remain pending: claimant Davis' April 5, 2018 motion and petition to release property pursuant to 18 U.S.C. § 983(F), and claimant Richey's April 10, 2018 motion and petition to release property pursuant to 18 U.S.C. § 983(F). These motions will be decided in due course.

motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). In deciding whether to grant such a stay, "the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will 'adversely affect' the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed." *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account No. 7240001868*, 2004 WL 1834589, at *2 (N.D. Tex. 2004) (Fish, C.J.) ("*All Funds*").

B

The government contends that a stay is necessary to protect an ongoing criminal investigation from the expansive scope of civil discovery; that the criminal investigation and the civil forfeiture case arise from the same facts and circumstances, as set forth in a sealed affidavit filed with the amended complaint; that discovery in this civil forfeiture case could compromise the investigation by permitting depositions of individuals who may be called to testify at a criminal trial, including the defendants (who have a Fifth Amendment right to remain silent), law enforcement agents, and individuals involved in the scheme under investigation; and that civil discovery could compromise confidential law enforcement information, as well as provide improper opportunities for the defendants to ascertain prematurely the details of the ongoing criminal investigation by earlier and broader civil

discovery than is permissible in criminal proceedings.[5]

Claimants respond that the government has failed to meet its burden to show that discovery will adversely affect a related criminal investigation. They contend that the government has shown only a hypothetical possibility that discovery "could" have a harmful effect on a related criminal investigation, which is insufficient to establish that a criminal investigation "will" be adversely affected; that the government has failed to identify any discovery request or discovery abuse, or identify any particular types of information for which discovery should not be permitted (such as, for example, confidential informants or witnesses whose identities must be protected); that civil discovery will not harm the criminal investigation because this case can be resolved without discovery—the only reason claimants have not filed a motion for summary judgment "packed with evidence proving [their] innocence" is because the government refuses to disclose the allegations that claimants need to disprove, Claimants' Br. 6; and that the government's inability or unwillingness to submit evidence in support of its motion to stay is indicative of the fact that the motion lacks merit. Claimants also posit that, even if the government could meet its burden to show that civil discovery will adversely affect a related criminal investigation, a stay would nonetheless be inappropriate because a protective order, rather than a stay, would protect the government's

---

[5]The government contends that requiring it to disclose the identity of all witnesses with discoverable information and all documents gathered in the course of the investigation, as claimants have already sought to do in the Rule 26 initial disclosure process, would prejudice the criminal prosecution by subjecting the government's criminal investigation to broader discovery than would otherwise be available at this stage to the subject of a criminal investigation.

interest without unfairly limiting claimants' ability to pursue the civil case.

The government replies that, if it is required to disclose all of the people who have relevant knowledge about the case, this will have a negative impact on the government's related, ongoing criminal investigation, and that a protective order would be inadequate because "if the case were to continue, information would necessarily be disclosed to people who are both claimants [in] this case and subjects of the related criminal investigation, obviating a protective order's efficacy." Gov't Reply 7.

C

Claimants do not challenge the existence of a related, ongoing criminal investigation. Instead, they contend that the government has failed to meet its burden to show how discovery will adversely affect that investigation. This court has previously explained that § 981(g)(1) requires "that the Government actually show that civil discovery will adversely affect its ability to conduct the criminal investigation." *All Funds*, 2004 WL 1834589, at *2 (emphasis omitted). "There is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding. On the contrary, the Government must make an actual showing regarding the anticipated adverse affect." *Id.* (citing cases); *see also United States v. $3,592.00 United States Currency*, 2016 WL 5402703, at *2 (W.D.N.Y. Sept. 28, 2016) ("But to grant a stay on this record, without any specific showing and when no lesser alternatives (such as a protective order, or preliminarily limiting discovery to certain areas or types) have even been attempted, in this Court's view would be inconsistent with the standard articulated by the statute."); *cf. United States v.*

*1,730,010.00 in U.S. Currency More or Less*, 2007 WL 1164104, at *3 (W.D. Tex. Apr. 16, 2007) (granting stay where government "specifically establishe[d]," through a sealed affidavit, that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation."). The government has failed to do so in its present motion.

The government contends that "[d]iscovery in this case could compromise the investigation by permitting depositions of individuals who may be called at a criminal trial, including the defendants (who have a Fifth Amendment right to remain silent), law enforcement agents, and individuals involved in the scheme under investigation," Gov't Br. 5, and that civil discovery "also could compromise confidential law enforcement information, as well as provide improper opportunities for the defendant to ascertain prematurely the details of the ongoing criminal investigation by earlier and broader civil discovery than is permissible in criminal proceedings," *id.* at 6. The government cites as an example claimants' Rule 26 initial disclosure requests, which the government contends will

> forc[e] the government to disclose the identity of all witnesses with discoverable information and all documents gathered in the course of the investigation [which] would prejudice the criminal prosecution by subjecting the government's criminal investigation to broader discovery than would otherwise be available to the subject of an investigation at this stage.

*Id.* The government's arguments, however, "do nothing more than speculate about how civil discovery will adversely affect its criminal investigation." *All Funds*, 2004 WL 1834589, at *2.

As Chief Judge Fish explained in *All Funds*, under the government's theories, "*every*

civil forfeiture case with a related criminal investigation is entitled to a stay. Such speculative and conclusory theories undercut the requirement of section 981(g) *that the Government actually show that civil discovery will adversely affect its ability to conduct the criminal investigation.*" *Id.* As in *All Funds*, the government has failed here to point to any specific discovery request or abuse that has taken place, and it makes no legitimate argument about the prospective ability of any of the claimants to engage in discovery that could compromise its related criminal investigation.[6] *Id.* (citations omitted). The government has not shown that civil discovery will compromise the identity of confidential informants or cooperating witnesses. *Id.* (citing cases). Nor has the government shown how the claimants might abuse the discovery process with overbroad discovery requests. *Id.* (citing cases).

In sum, the government has not carried its burden of showing that discovery in this civil forfeiture action will adversely affect its criminal investigation of any claimant. *See* 18 U.S.C. § 981(g)(1). Accordingly, the government's motion to stay this civil forfeiture proceeding is denied.

---

[6]In its reply brief, the government states that it described the negative impact that discovery would have "and the specific harm that would arise from the claimants' Rule 26 disclosures demand, demonstrated in the attached exhibits." Gov't Reply 5-6. The attached exhibits consist of the government's Rule 26(a)(1) initial disclosures, in which the government states that it is "withholding the names of . . . all other individuals aside from the lead case agents listed below, subject to the Court's ruling on the government's impending motion to stay and the Claimants' motion to unseal the affidavit filed under seal in support of the Plaintiff's first amended complaint," Gov't Reply App. 6, and a transmittal email. Neither of these documents, however, sheds any light on *how* civil discovery in this case will have a negative impact on the government's related, ongoing criminal investigation.

D

The court below is granting the government leave to file a second amended complaint and is permitting claimants to move anew to dismiss if, in light of the amended pleading, they are still unable to draft a responsive pleading or conduct meaningful discovery. If the government is able to make the required showing to obtain a stay under 18 U.S.C. § 981(g)(1), or to obtain other relief short of a complete stay (e.g., a protective order or order limiting discovery to certain areas or types), it may seek such relief by timely motion.

III

The court turns next to claimants' motions to dismiss and for more definite statement.

A

In view of the filing of the amended complaint, RRCC's December 4, 2017 motion to dismiss and for more definite statement, Davis' December 4, 2017 motion to dismiss and for more definite statement, and the December 4, 2017 motion to dismiss and for a more definite statement of claimants Richey, Lake Forrest, Clear Conscience, and Trades United, all of which were directed at the government's now-superseded complaint, are denied without prejudice as moot.

B

In their December 29, 2017 motions to dismiss—which are addressed to the amended complaint—claimants first move to dismiss on the ground that the government has failed to plead a statutory basis for the court to exercise *in rem* jurisdiction over the defendant property.

Supp. R. G(2)(b) provides, in pertinent part, that the complaint must "state the grounds for subject-matter jurisdiction [and] in rem jurisdiction over the defendant property." Supp. R. G(2)(e) requires that the complaint "identify the statute under which the forfeiture action is brought." The amended complaint alleges that the defendant property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and (D) and 18 U.S.C. § 982(a)(3), and that the defendant property (other than the real property) was seized in Dallas and has been turned over to the United States Marshals Service in Dallas, who maintains custody of it.[7] Am. Compl. ¶¶ 4, 6. These allegations are sufficient to state the grounds for subject-matter jurisdiction and to identify the statute under which the forfeiture action is brought.

C

Claimants next move to dismiss the amended complaint on the ground that it fails to plead sufficient facts to state a claim under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(D), 18 U.S.C. § 982(a)(3), or 24 U.S.C. § 2461(c).[8]

1

Pleading requirements for forfeiture actions *in rem* are governed by Rule G of the Supplemental Rules of the Federal Rules of Civil Procedure. *See generally* Supp. R. G.

---

[7] 18 U.S.C. § 981(b)(2)(C) provides that a seizure of property subject to forfeiture may be made without a warrant if the property was lawfully seized by a state or local law enforcement agency and transferred to a Federal agency. The government contends, and claimants do not dispute, that the defendant property was seized pursuant to a valid seizure warrant.

[8] The government acknowledges "that it has no claims under 24 U.S.C. § 2461(c)." Gov't Br. at 9-10.

Under Supp. R. G(8)(b), a claimant who establishes standing to contest forfeiture[9] may move to dismiss the action under Rule 12(b). The sufficiency of the complaint is governed by Supp. R. G(2), which requires, *inter alia*, that the verified complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."[10] Supp. R. G(2)(f). In other words, the government must "state[] the circumstances giving rise to the forfeiture claim with sufficient particularity" to allow a claimant to conduct a "meaningful investigation of the facts and draft[] a responsive pleading." *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002).[11]

2

In their motions to dismiss, claimants contend, *inter alia*, that the government has not alleged sufficiently detailed facts to support a reasonable belief that it will be able to establish that a violation of any of the enumerated statutes occurred or that any of the

---

[9]The government does not contend that any claimant lacks standing.

[10]18 U.S.C. § 983(c) provides that, in a civil forfeiture suit, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture," and that "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1), (3).

[11]Although *Mondragon* pre-dates the adoption of Supp. R. G(2), the advisory committee's notes explain that the new Rule expressly incorporates the Fourth Circuit's holding in promulgating the new pleading standard for *in rem* forfeiture actions. *See* Supp. R. G advisory committee's note to 2006 Amendments ("The complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. *See* [*Mondragon*, 313 F.3d at 866]. Subdivision (2)(f) carries this forfeiture case law forward without change.").

defendant property is traceable to any of the unpleaded facts regarding the purported violations. The court agrees.

In support of its claim for civil forfeiture, the government pleads the following "facts and basis for forfeiture":

> [t]he defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 981(a)(1)(D), 18 U.S.C. § 982(a)(3), and 28 U.S.C. § 2461(c) because it is derived from proceeds traceable to a violation, violations, or conspiracy to violate 18 U.S.C. § 1031, 18 U.S.C. §§ 286 and 371, 18 U.S.C. § 641, 18 U.S.C. § 1001, 18 U.S.C. § 1341, and 18 U.S.C. § 1343. This is shown by the Verification Affidavit in Support of the United States' Complaint for Forfeiture of Special Agent Miguel Coias, filed under seal, and incorporated as Plaintiff's Exhibit 1, in the Appendix filed in support of this amended complaint.

Am. Compl. ¶ 6. These allegations are insufficient to meet Supp. R. G(2)'s requirement that *the complaint* must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). *See, e.g., United States v. All Funds on Deposit in Lee Munder Wealth Planning Resource Account Number \*\*\*-\*\*1080*, 137 F.Supp.3d 125, 130 (D. Mass. Jan. 22, 2016) (holding as a matter of law that, where complaint "[left] too much to the imagination," and "[f]actual allegations regarding many of the required elements of [11 U.S.C. § 547(b), on which first claim for forfeitability is based] [were] missing," complaint failed to meet pleading standard of Supp. R. G(2)(f)); *cf. United States v. Funds in the Amount of $33,534.93 Account Number Ending \*\*8429 From Bank of Am.*, 2013 WL 12333983, at \*6 (D. N.M. Mar. 25, 2013) (denying motion to dismiss in civil forfeiture action where "the totality of facts alleged [were]

sufficiently detailed to apprise Claimant of the basis for the forfeiture action, allowing her to respond by contesting the source of these funds. She is sufficiently informed to be able to conduct a meaningful investigation [and therefore Supp. R.] G's particularity requirements have been met[.]").

3

The government maintains that claimants' arguments essentially focus on the fact that, pursuant to court order, the verifying affidavit of Special Agent Miguel Coias has been filed under seal. The government contends that the sealed affidavit includes facts about an ongoing criminal investigation that forms the basis of this lawsuit; that there are many decisions in which courts have allowed civil forfeiture complaints to be filed, and remain, under seal when the disclosure of the underlying information could compromise an ongoing criminal investigation; that the sealed affidavit filed in support of the amended complaint contains more than sufficient facts to demonstrate the government's entitlement to file and maintain the facts under seal, and to the relief sought at this stage of the civil lawsuit and ongoing criminal investigation; that disclosure of the affidavit would reveal matters related to an ongoing criminal investigation about claimants' business dealings, and would have a deleterious effect on the investigation; that, on balance, the need to complete the pending investigation outweighs claimants' need for information to establish their rights to the defendant property; and that the government has filed a motion to stay this civil litigation while the parallel criminal investigation proceeds, and the government should not be required to disclose any sealed materials until the conclusion of the related criminal investigation.

The court is not persuaded by the government's arguments.

First, although the court granted the government's motion to seal the affidavit submitted in support of its amended complaint, the court is today denying the government's motion to stay. For the reasons explained above, the court holds that the government has not met its burden to show under 18 U.S.C. § 981(g)(1) that discovery in this civil forfeiture case will adversely affect the related, ongoing criminal investigation of any claimant.

Second, the government has failed to point to any case, and the court has found none, that supports the court's consideration of a *sealed* affidavit that a claimant is unable to challenge—as opposed to a publicly-filed affidavit—when determining whether the complaint meets the pleading standards of Rule 8 and Supp. R. G(2). *Cf. United States v. One Parcel of Real Property*, 921 F.2d 370, 376 (1st Cir. 1990) (reversing dismissal of *in rem* action where, although forfeiture complaint was insufficient, government's second affidavit, "expressly made part of the second forfeiture complaint, alleges facts sufficient to support a reasonable belief that the government, at trial, can make a probable cause showing that most, if not all, of the defendant property is connected to illegal drug proceeds." (footnote omitted)); *United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d Cir. 1989) (holding that affidavit stating "the dates, circumstances, location and parties to the alleged drug transactions as well as the drugs and drug paraphernalia seized from the premises, cured any defect in the complaint" (citation omitted)). Allowing the government to keep from claimants the "detailed facts" supporting its forfeiture claim (especially in a case such as this where discovery has *not* been stayed in light of a pending criminal investigation) would

frustrate claimants' ability to conduct a "meaningful investigation of the facts and draft[] a responsive pleading." *Mondragon*, 313 F.3d at 867.

D

Although the court concludes that the amended complaint does not satisfy the pleading requirements of Supp. R. G(2) and that claimants' motion to dismiss should be granted, it declines at this juncture to dismiss this action. Instead, the court grants the government leave to file, within 28 days of the date of this memorandum opinion and order is filed, a second amended complaint that "state[s] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). If, after the government files its second amended complaint, claimants are still unable to draft a responsive pleading or conduct meaningful discovery, they may move anew to dismiss the second amended complaint.

IV

Claimants have filed two motions to unseal court records.[12] In light of the court's granting of leave to the government to file a second amended complaint that complies with Supp. R. G(2)(f), the court concludes that the court records (i.e., the affidavits) should not be unsealed at this time.

First, because the court is not relying on the contents of the sealed affidavits to deny

---

[12]On December 4, 2017 claimants moved to unseal court records, and, on December 29, 2017, after the government amended its complaint, claimants filed a second motion to unseal court records.

claimants' motions to dismiss, it is unnecessary to unseal the court records. Second, the sealed affidavits filed in support of the complaint and amended complaint may contain information protected by the attorney-client privilege or as work product. The court should not require the government to disclose potentially protected material without permitting it to invoke the privilege and/or protection.

Accordingly, the court denies claimants' motions to unseal.

V

Finally, the court considers the government's motion to dismiss the counterclaims filed by claimant RRCC.

A

In connection with its verified claim in this case, RRCC has filed two constitutional counterclaims, alleging that the government violated the Fourth Amendment by committing an unreasonable seizure of its property, i.e., by seizing the claimed property without an indictment, notice and hearing, or admissible evidence supporting a claim of forfeiture, and that the government violated the Fifth Amendment by depriving RRCC of its property without due process of law.

The government moves under Rule 12(b)(6) to dismiss RRCC's counterclaims, contending, *inter alia*, that because RRCC is a claimant in this civil forfeiture action—not a party against whom a claim is made—RRCC may not file a counterclaim. In response, RRCC argues that no *in rem* jurisdiction exists in this case; that, as a matter of historical practice, an owner of arrested property can bring suit against the government in actions *in*

*rem*; that Supp. R. E(7) permits counterclaims *in rem*; that the Fifth Circuit has never suggested that counterclaims in *in rem* proceedings were impermissible; and that the government's authorities are incorrect because they all trace back to a First Circuit case that cites no authority for the proposition that counterclaims cannot be asserted *in rem*.

B

Neither the government nor RRCC cites any binding Fifth Circuit authority addressing the question whether a claimant can bring a counterclaim against the United States in a civil forfeiture proceeding. Persuasive authority from other circuits, however, supports the conclusion that because RRCC is not a defendant against whom a claim has been asserted, it cannot bring a counterclaim in this civil forfeiture proceeding.

In *United States v. One Lot of U.S. Currency ($68,000)*, 927 F.2d 30 (1st Cir. 1991), the First Circuit held that a claimant in a civil forfeiture action could not assert a counterclaim against the government. The court explained:

> By definition, a counterclaim is a turn-the-tables response directed by one party ("A") at another party ("B") in circumstances where "B" has earlier lodged a claim in the same proceeding against "A." A forfeiture action is *in rem*, not *in personam*. The property is the defendant. Since no civil claim was filed by the government against [the claimant]—indeed, rather than being dragooned into the case as a *defendant*, he intervened as a *claimant*—there was no "claim" to "counter." Thus, [the claimant's] self-styled counterclaim was a nullity, and the court below appropriately ignored it.

*Id.* at 34. Other courts have followed this approach. *See, e.g., United States v. 8 Luxury Vehicles*, 88 F.Supp.3d 1332, 1337 (M.D. Fla. 2015) (citing persuasive authority and

concluding that "there is a general rule prohibiting the filing of counterclaims in civil proceedings based on case law, Rule 13(d), and Supplementary Rule G."); *United States v. Funds from Fifth Third Bank Account # 0065006695*, 2013 WL 5914101, at *12 (E.D. Mich. Nov. 4, 2013) (holding that claimant could not file counterclaim in civil forfeiture proceeding because United States had not filed any claims against claimant and any permissible claims against United States had to be filed as separate action); *United States v. $22,832.00 in U.S. Currency*, 2013 WL 4012712, at *4 (N.D. Ohio Aug. 6, 2013) ("Claimants in an *in rem* civil forfeiture action generally may not file counterclaims against the government."); *United States v. $43,725.00 in U.S. Currency*, 2009 WL 347475 at *1 (D.S.C. Feb. 3, 2009) ("[T]he true defendant in a civil forfeiture action is the property that has been seized, rather than the claimant of that property, and the claimant of the seized property is not entitled to pursue a counterclaim against the Government or individuals within the limited scope of the *in rem* civil forfeiture action."); *United States v. 1866.75 Board Feet*, 2008 WL 839792, at *3 (E.D. Va. Mar. 25, 2008) ("claimants in an *in rem* civil forfeiture action . . . are not entitled to include counterclaims."); *United States v. Assorted Computer Equip.*, 2004 WL 784493, at *2 (W.D. Tenn. Jan. 9, 2004) (stating that civil forfeiture is *in rem*, not *in personam*, and that defendant is the property subject to forfeiture, not the claimant, and "[b]ecause the government has not asserted a claim against [claimant], there can be no counterclaim.").

Based on these persuasive authorities, and absent binding Fifth Circuit authority to the contrary, the court grants the government's motion to dismiss RRCC's counterclaim. The court holds that, as a claimant in an *in rem* civil forfeiture action, RRCC cannot bring a

counterclaim. Accordingly, the court grants the government's motion to dismiss RRCC's counterclaims.

* * *

For the reasons explained, the court denies the government's January 18, 2018 motion to stay; grants the government's December 20, 2017 motion to dismiss RRCC's counterclaims; denies without prejudice as moot claimants' December 4, 2017 motions to dismiss and for more definite statement; grants claimants' December 29, 2017 motions to dismiss first amended complaint and for more definite statement; denies claimants' December 4, 2017 motion to unseal court records and December 29, 2017 second motion to unseal court records; and grants the government leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

April 26, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE