IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:17-CV-2989-D |
| VS. | § | |
| | § | |
| $4,480,466.16 IN FUNDS SEIZED | § | |
| FROM BANK OF AMERICA | § | |
| ACCOUNT ENDING IN 2653, et al., | § | |
| | § | |
| Defendants *in rem*. | § | |

MEMORANDUM OPINION
AND ORDER

In this *in rem* civil forfeiture action, two claimants—Jonathan Davis ("Davis") and Melissa Richey ("Richey")—move under 18 U.S.C. § 983(f) for the release of seized property. Concluding that they have not met their burden to establish "substantial hardship," the court denies the motions.

I

Davis is the owner of a 2016 Dodge Ram 2500 ("Dodge Ram") and a 2017 Mercedes-Benz AMG S63 ("Mercedes-Benz"). Richey is the owner of a 2017 Bentley Continental GT V8 ("Bentley"). The government seized these vehicles on October 11, 2017. Davis and Richey have requested the return of the vehicles, but their requests have been denied. Davis and Richey each move under 18 U.S.C. § 983(f) for the release of the vehicles. The government opposes the motions.

II

18 U.S.C. § 983(f) provides that a claimant with a possessory interest in seized property may petition for its release on the basis of the claimant's substantial hardship. Under 18 U.S.C. § 983(f)(1):

> A claimant under subsection (a) is entitled to immediate release of seized property if—
>
> (A)  the claimant has a possessory interest in the property;
> (B)  the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> (C)  the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D)  the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> (E)  none of the conditions set forth in paragraph (8) applies.

The claimant seeking release of the seize property bears the burden of proving that the hardship provisions of § 983(f) are met. *United States v. All Funds on Deposit*, 2012 WL 1948874, at *1 (S.D. Miss. May 22, 2012).

Davis moves for release of the Dodge Ram and the Mercedes-Benz. He contends that he has a possessory interest in the property; that he has sufficient ties to the community—he

has resided in Dallas for 20 years and has no plans to move, and, in fact, is working to start a new business in the Dallas area—to provide assurance that the property will be available at the time of trial; that he needs the vehicles released so that he can operate and work for his new HVAC business, he is financing the new business and his living expenses through debt and needs to work to generate income, and that if the Dodge Ram and Mercedes-Benz are not released, he will not be able to support himself during the pendency of this case; that he is willing to insure the vehicles on any terms the court deems necessary, including allowing the government to place a lien on the property, and, accordingly, the risk of loss to the government is minimal; and none of the prohibitions in 18 U.S.C. § 983(f)(8) applies.

Richey petitions for release of the Bentley. She contends that, as the owner of the Bentley, she has a possessory interest in the property; that she has resided in Dallas for 33 years, is a realtor[1] whose expertise is in the DFW area, and she has no plans to move; that she needs the Bentley released so that she can continue to operate her realtor business and work to support herself and her eight-year-old daughter; that she is willing to insure the Bentley on any terms the court believes are necessary, including allowing the government to place a lien on the property; and that none of the conditions of 18 U.S.C. § 983(f)(8) applies.

In response to the motions, the government contends that neither Davis nor Richey has met his or her burden of demonstrating that the government's continued possession of

---

[1] In Richey's motion and declaration, she refers to herself as a "relator." Although the term "relator" certainly has pertinence in other legal contexts, the court assumes in the context of the present motion that Richey means "realtor," and it has used that term throughout this memorandum opinion and order.

the vehicles pending the final disposition of the forfeiture proceedings will cause them substantial hardship or that their hardship outweighs the risks posed to the government.[2] The government maintains that the vehicles seized in this case, particularly the luxury vehicles, would be at great risk of depreciation and loss if they were released;[3] that Davis has not shown any hardship that would be relieved by the release of these specific vehicles or why he cannot use financing to purchase a different, more economical vehicle; that Davis has failed to adequately explain what function the Mercedes-Benz will serve in an HVAC business or why he needs two vehicles; that the vehicles that he seeks release of are extremely valuable and subject to significant risk of loss if exposed to conditions like an HVAC business, and, therefore, that the extreme risk of depreciation and loss is not outweighed by any purported hardship; that Richey has not shown sufficient hardship to merit consideration of returning the seized vehicle because she does not argue that she lacks the financial means to pay for her own vehicle, but, instead, she merely seems to prefer to drive the $260,000 Bentley over purchasing transportation on her own behalf; and that given the tremendous risk of loss associated with allowing this valuable vehicle back into the public, and the lack of any colorable hardship, Richey's motion for release should also be denied.

---

[2]The government does not dispute that Davis and Richey have satisfied the requirements of 18 U.S.C. § 953(f)(1)(A), (B), and (E).

[3]The government contends that when Davis recently purchased the three vehicles, their combined price was nearly $500,000.

III

For largely the reasons explained in the government's response, the court concludes that Davis and Richey have failed to satisfy their burden to show that "the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant," as 18 U.S.C. § § 983(f)(1)(C) requires.

Although § 983(f)(1)(C) does not define "substantial hardship," it provides some examples of what Congress deemed to be sufficient as grounds warranting the release of seized property, "such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless." *Id*. These examples supply a basis on which to assess the claimant's asserted hardship. *See United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 267 (4th Cir. 2004).

Davis and Richey maintain that the government's continued possession of their vehicles would cause substantial hardship for the following reasons: (1) Davis needs the Dodge Ram and Mercedes-Benz released so that he can operate and work for his new HVAC business; (2) Davis is financing the new business and his living expense through debt and needs to work to generate income; and (3) Richey needs the Bentley so that she can continue to operate her realtor business and work to support herself and her eight-year-old daughter. The court agrees with the government that claimants have not shown a substantial hardship if the Dodge Ram, Mercedes-Benz, and Bentley are not released. The Mercedes-Benz and the Bentley are luxury vehicles whose purchase prices exceeded $200,000 and $260,000, respectively, at the time of purchase, and the Dodge Ram was purchased for $61,000.

Neither Davis nor Richey explains why he or she requires *these* specific vehicles, rather than purchasing or leasing more economical vehicles, for their work in the HVAC business or as a realtor.

Moreover, there is a real risk to the government that the value of the vehicles, particularly the luxury vehicles, will decrease substantially if released, especially, for example, if they are used in connection with Davis' "HVAC business." *See, e.g., United States v. 2005 Mercedes Benz E500*, 847 F.Supp.2d 1211, 1217 (E.D. Cal. 2012) (denying release of seized vehicle and noting "the fact that an automobile is transitory in nature poses a real risk to the United States that the Subject Vehicle would not be available at trial or a subsequent forfeiture"); *United States v. $6,787.00 in U.S. Currency*, 2007 WL 496747, at *2 (N.D. Ga. Feb. 13, 2007) (holding that § 983(f) was not satisfied because there was "a real risk the Jaguar could be destroyed or damaged if returned to Ealey. Ealey has stated he intends to use the Jaguar in his business, at least to drive to and from car auctions. Just as Ealey complains that the cars he purchases for resale depreciate in value when he is forced to use them to drive to and from auctions, the Jaguar will also depreciate in value when so used. Further, such use exposes the Jaguar to significant risk of damage, or even destruction, in a traffic-related accident.").

Accordingly, because Davis and Richey have failed to meet their burden of proving that the government's continued possession of the vehicles pending the final disposition of the forfeiture proceedings will cause them substantial hardship, or that their hardship outweighs the risks posed to the government, the court denies their motions to release

property.

* * *

For the reasons explained, the motions of Davis and Richey to release property pursuant to 18 U.S.C. § 983(f) are denied.

**SO ORDERED**.

May 11, 2018.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE