IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:17-CV-2989-D |
| VS. § | |
| § | |
| $4,480,466.16 IN FUNDS SEIZED § | |
| FROM BANK OF AMERICA § | |
| ACCOUNT ENDING IN 2653, et al., § | |
| § | |
| Defendants *in rem*. § | |

MEMORANDUM OPINION
AND ORDER

In this *in rem* civil forfeiture action, six claimants—Retail Ready Career Center, Inc. ("RRCC"), Jonathan Davis ("Davis"), Melissa Richey ("Richey"), Lake Forrest Drive Properties, Inc., Clear Conscience, LLC, and Trades United Inc. (collectively, "claimants")—move to dismiss the second amended complaint, and the government moves to seal the affidavit filed in support of its second amended complaint ("verification affidavit"). For the following reasons, the court grants the motions to dismiss but also grants the government leave to file a third amended complaint, and grants the government's motion to seal the verification affidavit.

I

In September and October 2017 the government seized certain property (the "defendant property") as derived from proceeds traceable to a violation, violations, or

conspiracy to violate federal law.¹ In October 2017 the government filed the instant *in rem* action. After receiving notice of the action, claimants filed verified claims to the defendant property. They then moved, in three separate motions, to dismiss the complaint and for a more definite statement. They also moved to unseal court records.

The government later filed an amended complaint and moved to dismiss the constitutional counterclaims of claimant RRCC. Claimants, again in three separate motions, moved to dismiss the amended complaint and for a more definite statement. They also filed a second motion to unseal court records.

The government then filed a motion to stay, pursuant to 18 U.S.C. § 981(g)(1), contending that a stay was necessary to protect an ongoing criminal investigation from expansive civil discovery. In *United States v. $4,480,466.16 in Funds Seized from Bank of America Account Ending in 2653* (*$4,480,466.16 in Funds Seized I*), 2018 WL 1964255 (N.D. Tex. Apr. 26, 2018) (Fitzwater, J.), the court denied the government's motion to stay; granted the government's motion to dismiss RRCC's counterclaims; denied without prejudice as moot claimants' motions to dismiss the complaint and for a more definite statement;

---

¹The government seized $4,480,466.16 in funds from a Bank of America account ending in 2653; $146,370.00 in funds from a Bank of America account ending in 0252; $77,437.59 in funds from a Charles Schwab account ending in 8588; $263.47 in funds from a Wells Fargo account ending in 2092; $9,668.28 in funds from a Bank of Utah account ending in 2251; $2,814.51 in funds from a Bank of Utah account ending in 0784; a 2014 Lamborghini Aventador; a 2016 Ferrari 488; a 2017 Bentley Continental GT V8; a 2017 Mercedes-Benz AMG S63; a 2016 Mercedes-Benz G63; a 2016 Dodge Ram 2500; a 2016 BMW Alpina; real property located at 14888 Lake Forest Drive in Dallas, Texas; and $11,005.00 in funds from a Capital One account ending in 2713.

granted claimants' motions to dismiss the first amended complaint and for a more definite statement; denied claimants' first and second motions to unseal court records; and granted the government leave to file a second amended complaint. *See id.* at *8.

Thereafter, the government filed a second amended complaint and a motion to seal the verification affidavit filed with the second amended complaint. Claimants, in turn, filed the three instant motions to dismiss the second amended complaint. The court now addresses claimants' motions to dismiss and the government's motion to seal the verification affidavit.[2]

II

The court considers first claimants' motions to dismiss the second amended complaint.

A

Pleading requirements for *in rem* forfeiture actions are governed by Rule G of the Supplemental Rules of the Federal Rules of Civil Procedure. *See generally* Supp. R. G. Under Supp. R. G(8)(b), "[a] claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)."[3] The sufficiency of the complaint is governed by Supp. R. G(2), which requires, *inter alia*, that the verified complaint "identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

---

[2]One claimant—Davis—has filed a motion for a more definite statement. Because the court is granting Davis' motion to dismiss and is granting the government leave to file a third amended complaint, it need not address whether a more definite statement should be required.

[3]The government does not contend that any claimant lacks standing.

Supp. R. G(2)(e)-(f).[4] In other words, the government must "state[] the circumstances giving rise to the forfeiture claim with sufficient particularity" to enable a claimant to conduct a "meaningful investigation of the facts and draft[] a responsive pleading." *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002);[5] *accord United States v. Sum of $70,990,605*, 4 F.Supp.3d 189, 197 (D.D.C. 2014) ("Essentially, '[a]t the pleading stage, it suffices for the government to simply allege enough facts so that the claimant may understand the theory of forfeiture, file a responsive pleading, and undertake an adequate investigation.'" (quoting *United States v. One Gulfstream G-V Jet Aircraft*, 941 F.Supp.2d 1, 14 (D.D.C.2013))).

B

In their motions to dismiss, claimants maintain, *inter alia*, that the government has not alleged sufficiently detailed facts to support a reasonable belief that it will be able to establish that a violation of any of the enumerated statutes occurred.

In support of its claim for civil forfeiture, the government alleges the following "facts

---

[4] 18 U.S.C. § 983(c) provides that, in a civil forfeiture suit, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture," and that "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1), (3).

[5] Although *Mondragon* predates the adoption of Supp. R. G(2), the advisory committee's notes explain that the new Rule expressly incorporates the Fourth Circuit's holding in promulgating the new pleading standard for *in rem* forfeiture actions. *See* Supp. R. G advisory committee's note (subdivision (2)) ("The complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. *See* [*Mondragon*, 313 F.3d 862]. Subdivision (2)(f) carries this forfeiture case law forward without change.").

and basis for forfeiture":

> [t]he defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is derived from proceeds traceable to a violation, violations, or conspiracy to violate 18 U.S.C. § 1031, 18 U.S.C. §§ 286 and 371, 18 U.S.C. § 641, 18 U.S.C. § 1001, 18 U.S.C. § 1341, and 18 U.S.C. § 1343. This is shown by the Verification Affidavit in Support of the United States' Second Amended Complaint for Forfeiture of Special Agent Miguel Coias, filed under seal, and incorporated as Plaintiff's Exhibit 1, in the Appendix filed in support of this second amended complaint.

2d Am. Compl. ¶ 8. As the court concluded in *$4,480,466.16 in Funds Seized I*, 2018 WL 1964255, at *5, these allegations are *alone* insufficient to comply with Supp. R. G(2)'s requirement that the complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). But claimants recognize that, "[u]nlike previously, [they] are now able to view the purported 'Verification Affidavit,'" Richey, et al. 6/7/18 Mot. Dis. Br. 3, which the government contends provides the factual basis for its second amended complaint.

Although claimants dispute whether the verification affidavit provides a plausible basis for the government's requested relief, they do not contest the propriety of the court's considering the verification affidavit in deciding the instant motions. Indeed, courts routinely conclude—consistent with Fed. R. Civ. P. 10(c)—that facts set out within affidavits can be considered when determining the sufficiency of a forfeiture complaint. *See, e.g., United States v. One Parcel of Real Property*, 921 F.2d 370, 376 (1st Cir. 1990) (reversing dismissal of *in rem* action where, although forfeiture complaint was insufficient, government's second

affidavit, "expressly made part of the second forfeiture complaint, alleges facts sufficient to support a reasonable belief that the government, at trial, can make a probable cause showing that most, if not all, of the defendant property is connected to illegal drug proceeds." (footnote omitted)); *United States v. $40,960.00 in U.S. Currency*, 831 F.Supp.2d 968, 969-71 (N.D. Tex. 2011) (Means, J.) (denying motion to dismiss forfeiture complaint where sufficient statements existed in affidavit attached to complaint); *United States v. $448,163.10 in U.S. Currency*, 2007 WL 4178508, at *5 (D. Conn. Nov. 20, 2007) ("Facts set forth in an affidavit accompanying a forfeiture complaint may serve to cure a lack of specificity in the complaint even when the affidavit was originally filed under seal."). Accordingly, the court will consider the verification affidavit together with the second amended complaint when deciding whether this action should be dismissed.

C

Claimants contend that, even taking the verification affidavit into account, the second amended complaint should be dismissed on multiple grounds.[6] Having considered claimants' motion and the second amended complaint and verification affidavit, the court concludes that the second amended complaint is deficient and that the motions to dismiss should be granted,

---

[6]Claimants maintain that the government's legal theories are not statutorily permitted grounds for civil forfeiture; the government has failed to plead a plausible claim for forfeiture based on mail or wire fraud; the government has failed to plead a plausible claim for forfeiture based on 18 U.S.C. § 641; and the claimed property is not an instrumentality subject to civil forfeiture. Given the lack of clarity in the second amended complaint and verification affidavit, the court does not reach the merits of each of the claimants' grounds for dismissal.

but that the government should be permitted to file a third amended complaint.

The principal problems with the second amended complaint and verification affidavit stem from a lack of specificity, as required by Supp. R. G, which claimants largely point out in their motions. For example, Supp. R. G(2)(e) requires that the forfeiture complaint "identify the statute under which the forfeiture action is brought." The second amended complaint asserts multiple times that violations of 18 U.S.C. §§ 286, 371, 641, 1001, 1031, 1341, and 1343 give rise to a forfeiture action under 18 U.S.C § 981(a)(1)(C). *See, e.g.,* 2d Am. Compl. ¶ 8; 2d Am. Compl. Ex. 1 ¶¶ 7, 8, 43, and 84. Yet, as claimants point out, several of the criminal offenses alleged, including §§ 1001 and 1031, are decidedly *not* included in the enumerated list of offenses that give rise to a forfeiture action under § 981(a)(1)(C).[7] And when pleading the statutory bases that allegedly subject each individual asset to forfeiture, the government only asserts that offenses constituting "specified unlawful activity" give rise to forfeiture. *See, e.g.,* 2d Am. Compl. Ex. 1 ¶¶ 52, 55, 59, 63, 65, 67, 69, 73, 76, and 83. It is thus unclear whether the government is over-inclusive in its violation allegations in certain instances or under-inclusive in its identification

---

[7]Claimants are not correct, however, in maintaining that the statutory violations alleged by the government "cannot even serve as a basis for civil forfeiture." *E.g.,* RRCC 6/7/18 Mot. Dis. Br. 13. This assertion lacks precision because, pursuant to the statutory text of § 981, each of the government's pleaded violations *could* give rise to civil forfeiture if all elements were satisfied. *See* 18 U.S.C. § 981(a)(1)(C) (providing that certain property is subject to civil forfeiture from violations of, *inter alia*, specified unlawful activity, such as 18 U.S.C. §§ 641, 1341, 1343, or "conspiracy to commit such offense" as otherwise detailed); 18 U.S.C. § 981(a)(1)(D) (providing that certain property is subject to civil forfeiture from violations of, *inter alia*, 18 U.S.C. §§ 1001, 1031, 1341, and 1343).

of statutes under which it brings the instant action.

Further, Supp. R. G(2)(f) requires that the forfeiture complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Given the lack of clarity regarding the government's theories of forfeiture, it is difficult to assess whether the government has pleaded sufficiently detailed facts to support a reasonable belief that the defendant property is subject to forfeiture, or to enable claimants to file responsive pleadings or conduct meaningful discovery. *See United States v. Real Prop. Located at 5833 Coronado Ridge, El Paso, Tex.*, 2010 WL 5540939, at *2 (W.D. Tex. Oct. 15, 2010) (granting motion for more definite statement in forfeiture action where statutory connections were unclear).

Although the court is granting the motions to dismiss, the government has requested, and the court holds that the government should be given, an opportunity to address the lack of clarity in its pleading. *See, e.g., Architettura, Inc. v. DSGN Assocs. Inc.*, 2017 WL 2992381, at *1 (N.D. Tex. Jan. 25, 2017) (Fitzwater, J.) (allowing plaintiff to replead in light of challenges raised via defendant's motion to dismiss). The fact that the court has once granted the government an opportunity to replead does not alter the court's conclusion in this instance. *See Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (after twice granting motions to dismiss, concluding that plaintiff's second amended complaint stated claim on which relief could be granted).

Accordingly, the court will not further address the sufficiency of the government's second amended complaint and verification affidavit. Instead, it will permit the government

to file a third amended complaint within 28 days of the date this memorandum opinion and order is filed.[8] The third amended complaint must "identify the statute[(s)] under which the forfeiture action is brought" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(e)-(f). As before, if, after the government files its third amended complaint, claimants are still unable to understand the theory of forfeiture, file a responsive pleading, or conduct meaningful discovery, they may move for appropriate relief.

III

The court turns next to the government's motion to seal the verification affidavit.

A

Each court has supervisory power over its own records and files. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

---

[8]The court recognizes that, under the scheduling order in this case, the deadline for the parties to complete discovery is September 4, 2018, the deadline to file summary judgment and other dispositive motions is October 1, 2018, and the deadline to file all motions not otherwise covered is October 1, 2018. The government in fact filed on August 27, 2018 a motion to modify the scheduling order. Although claimants filed an opposition response to that motion earlier today, the court recognizes its discretionary authority to adjust any deadlines that are affected by granting the government leave to amend or where adjustments are warranted for good cause.

B

The government moves to seal the verification affidavit, contending that the facts outlined within the affidavit pertain to an ongoing criminal investigation, contain information about the course and scope of the investigation and its targets, and include personal identifying information related to the claimants that is not publicly available. Claimants have not filed an opposition response to the motion.

In balancing the competing interests—and cognizant that the affidavit may contain information protected by the attorney-client privilege or as work product[9]—the court concludes that the verification affidavit should not yet be disclosed to the public. *See Crawford v. United States*, 2005 WL 8158351, at *3 (N.D. Tex. Feb. 17, 2005) (Lindsay, J.) (granting motion to seal on balance of competing interests), *aff'd sub nom. Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. Appx. 369 (5th Cir. 2007).

Accordingly, the court grants the government's motion to seal.

\* \* \*

For the reasons explained, the court grants claimants' motions to dismiss, declines to reach Davis' motion for a more definite statement,[10] grants the government leave to file a

---

[9]*See $4,480,466.16 in Funds Seized I*, 2018 WL 1964255, at *6.

[10]Davis requests that, if the court grants his motion to dismiss, it order the defendant property released and returned under 28 U.S.C. § 2465(a). Although the court is granting the motion to dismiss, it is not entering "a judgment for the claimant," within the meaning of § 2465(a); it is permitting the government to replead. Accordingly, Davis' request is denied without prejudice.

third amended complaint within 28 days of the date this memorandum opinion and order is filed, and grants the government's motion to seal the verification affidavit filed with the second amended complaint.

**SO ORDERED**.

August 28, 2018.

                                      _____
                                      SIDNEY A. FITZWATER
                                      UNITED STATES DISTRICT JUDGE