IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:17-CV-2989-D |
| VS. § | |
| § | |
| $4,480,466.16 IN FUNDS SEIZED § | |
| FROM BANK OF AMERICA § | |
| ACCOUNT ENDING IN 2653, et al., § | |
| § | |
| Defendants *in rem*. § | |

MEMORANDUM OPINION
AND ORDER

The government moves under 18 U.S.C. § 981(g)(1) to stay this *in rem* civil forfeiture action during the pendency of a related, ongoing criminal investigation. For the following reasons, the court grants the motion and stays this case for a period of 120 days. In view of the stay, the court also denies as moot or statistically terminates other pending motions in this case.

I

This case is the subject of three memorandum opinions and orders. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2018 WL 4096340 (N.D. Tex. Aug. 28, 2018) (Fitzwater, J.) ("*4,480,466.16 III*"); *United States v. $4,480,466.16 in Funds Seized From Bank of Am. Account Ending in 2653*, 2018 WL 2184500 (N.D. Tex. May 11, 2018) (Fitzwater, J.); and *United States v. $4,480,466.16 in Funds Seized From Bank of Am. Account Ending in 2653*, 2018 WL 1964255 (N.D. Tex.

Apr. 26, 2018) (Fitzwater, J.). The court will therefore recount only the background facts and procedural history that are pertinent to this decision.

The government filed this *in rem* civil forfeiture action on October 30, 2017, seeking the forfeiture of certain vehicles and funds ("defendant property") seized as part of an ongoing investigation of claimants Jonathan Davis ("Davis"), Retail Ready Career Center, Inc. ("RRCC"), and others, who are believed to have been involved in, or benefited from, RRCC's alleged scheme to defraud the U.S. Department of Veterans Affairs ("VA").

On May 16, 2018 the court entered a scheduling order ("Scheduling Order") that set September 4, 2018 as the deadline for completing discovery, and October 1, 2018 as the deadline for filing motions for summary judgment. On August 27, 2018 the government moved to extend the Scheduling Order deadlines by 30 days. The following day, in *$4,480,466.16 III*, the court dismissed the government's second amended complaint, but granted its request that it be given "an opportunity to address the lack of clarity in its pleading." *$4,480,466.16 III*, 2018 WL 4096340, at *4. On September 13, 2018 the court granted the government's August 27, 2018 motion to modify deadlines, extending the discovery deadline until October 4, 2018 and the summary judgement deadline until November 1, 2018.

On September 25, 2018 the government filed its third amended complaint, naming, for the first time, two additional pieces of real property as *in rem* defendants. On October 2, 2018, prior to expiration of the discovery deadline, the government filed a motion to modify the Scheduling Order, requesting a 120-day extension of all pending deadlines based

on its addition of the two new *in rem* defendants. Claimants RRCC, Davis, Melissa Richey, Lake Forrest Drive Properties, Inc., Clear Conscience LLC, and Trades United Inc. (collectively, "claimants") oppose the government's motion. The court today denies the motion to modify the Scheduling Order without prejudice as moot in view of the 120-day stay. *See infra* § V.

On October 9, 2018 claimants filed motions to dismiss the government's third amended complaint. On November 8, 2018 claimants filed motions for summary judgment. The court statistically terminates these motions in view of the stay. *See infra* § V.

On November 29, 2018, the day its summary judgment responses were due, the government filed the instant renewed motion to stay civil forfeiture proceeding, seeking relief under 18 U.S.C. § 981(g)(1). Claimants oppose the motion.

II

Section 981(g)(1) of title 18 provides, in pertinent part: "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). This language reflects an amendment by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that "broadened the stay relief significantly." *United States v. All Funds Deposited in Account No. 20008524845,* 162 F.Supp.2d 1325, 1330 (D. Wyo. 2001). The CAFRA amendment expanded the availability of a stay "to the period of investigation and no longer requires that an indictment or information be filed, commencing formal criminal

proceedings." *Id*. The amendment also removed the requirement that the government show good cause. *Id*.

In deciding whether to grant a stay, "the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will 'adversely affect' the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed." *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account No. 7240001868*, 2004 WL 1834589, at *2 (N.D. Tex. 2004) (Fish, C.J.) (hereafter, "*All Funds*").

III

The court begins by considering whether a related criminal investigation or prosecution exists. In its motion, the government contends that the criminal investigation of claimants Davis, RRCC, and others is related to this proceeding because both the criminal investigation and the pending forfeiture complaint involve RRCC's scheme to defraud the VA and rely on the same evidence and witnesses. In their response, claimants do not dispute the relatedness of the criminal investigation and civil forfeiture proceeding. Instead, they posit that "it is doubtful that there is a pending criminal investigation that overlaps with this case." Claimants' Br. 11. Claimants cite a sealed order[1] entered on November 30, 2018 by

---

[1] In their publicly-filed response to the government's motion to stay, claimants referred to a sealed order signed by Judge Boyle in a sealed matter. Once the court was made aware of the disclosure of sealed information in a publicly-filed document, claimants' response was restricted from public view pending further order of the court. On December 26, 2018 the government filed a motion for a protective order requesting that the claimants' response remain sealed and/or counsel for claimants redact the sealed information in accordance with

Judge Boyle, and argue that because Judge Boyle found that the government used an improper process to access and review RRCC's privileged communications, and "[g]iven that it would be unethical for the tainted prosecutor(s) and investigator(s) to continue the investigation, it would be inappropriate for the Court to presume that a related investigation is ongoing." *Id*. The court rejects this argument. Nothing in Judge Boyle's sealed order suggests that the government cannot continue the investigation and prosecution of its criminal case, and the court has no other basis for concluding that the criminal investigation is no longer pending.

IV

Having concluded that a related criminal investigation exists, the court next considers whether civil discovery will adversely affect the government's ability to conduct its criminal investigation were this civil forfeiture case allowed to proceed.

A

As a preliminary matter, the court addresses claimants' contention that the court cannot grant a stay under 18 U.S.C. § 981(g)(1) because discovery in this case has closed. Claimants maintain that, because the deadline for completing discovery under the Scheduling Order was September 4, 2018 (later extended to October 4, 2018), and because discovery is now closed, "it is impossible for 'civil discovery' to 'adversely affect the ability of the Government to conduct a related criminal investigation.'" Claimants' Br. 6 (quoting 18

---

an exhibit the government filed with its motion. The court is granting the motion in a separate order filed today. The filing will therefore remain sealed.

U.S.C. § 981(g)(1)). The court disagrees.

Claimants do not cite any authority for the proposition that the court cannot stay a case under § 981(g)(1) if the scheduling order's discovery deadline has expired. The purpose of a stay under § 981(g)(1) is to prevent the target of a criminal investigation from using the broad scope of civil discovery to obtain information that would not otherwise be available to that person in a parallel criminal prosecution. *See, e.g., United States v. $144,210.77 in Funds Seized from Suntrust Bank Account XXX-XX-XXXX*, 63 F.Supp.3d 1387, 1391 (N.D. Ga. 2014) ("The scope of civil discovery is inherently broad and there are significant perils associated with allowing civil discovery in light of parallel criminal prosecution or investigation."). In light of this purpose, the court can discern no relevant distinction between the forced disclosure of this information through traditional civil discovery procedures and compelling the government to disclose this same information for the purpose pertinent here: opposing claimants' summary judgment motions. *See, e.g., United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011) (hereafter, "*2009 Dodge Challenger*") (granting stay under § 981(g)(1) because "[a]lthough claimants stress that they do not seek discovery, the government would be compelled to compile and reveal information and evidence collected in support of its criminal investigation in order to effectively oppose claimants' motions for summary judgment," and "[t]he government ordinarily need not reveal all of its evidence during the course of criminal discovery.").

B

The court next considers whether the government has adequately shown that civil discovery (which, in this case, takes the form of disclosures necessary to oppose summary judgment motions) would affect the ability of the government to conduct a related criminal investigation.

"There is no presumption that civil discovery creates an adverse effect on the Government's related criminal proceeding and the Government must make an actual showing regarding the anticipated adverse effect." *United States v. All Assets & Funds on Deposit or Held in Offshore Inv. Account at Sun Life Fin. Invs. (Berm.)*, 2018 WL 4275214, at *3 (S.D. Tex. Sept. 7, 2018) (citing *All Funds*, 2004 WL 1834589 at *2). A court may grant a stay based on *ex parte* affidavits or other documents demonstrating that civil discovery might threaten to reveal confidential informants or otherwise impair the criminal investigation. *Id.* (citing 18 U.S.C. § 981(g)(5); *United States v. Real Prop. & Premises Located at 216 Kenmore Ave., Deerfield, Ill.*, 657 F.Supp.2d 1060, 1064 (D. Minn. 2009)).

As permitted under 18 U.S.C. § 981(g)(5),[2] the government has submitted a sealed "Verification Affidavit in Support of Motion to Stay Civil Forfeiture Proceeding," of Miguel Coias, a Special Agent of the VA Office of Inspector General-Criminal Investigations

---

[2] 18 U.S.C. § 981(g)(5) expressly allows the government, "in appropriate cases," to "submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." Having considered the government's sealed affidavit, the court concludes that its disclosure could adversely affect the government's ongoing criminal investigation and, accordingly, is properly filed *ex parte* under 18 U.S.C. § 981(g)(5). *See, e.g., 2009 Dodge Challenger*, 2011 WL 6000790, at *1.

Division.  The court has considered the affidavit and finds that the government has shown that the criminal investigation will be adversely affected if the government, in response to claimants' motions for summary judgment, is forced to disclose the identities of its cooperating witnesses and the evidence it has gathered during the course of the ongoing criminal investigation.  *See, e.g., 2009 Dodge Challenger* 2011 WL 6000790, at *2 (granting stay under § 981(g)(1) because "[a]lthough claimants stress that they do not seek discovery, the government would be compelled to compile and reveal information and evidence collected in support of its criminal investigation in order to effectively oppose claimants' motions for summary judgment," and "[t]he government ordinarily need not reveal all of its evidence during the course of criminal discovery."); *see also, e.g., United States v. Eleven Thousand One Hundred Thirty Nine Dollars & Ninety One Cents in U.S. Currency ($11,139.91) from Comerica Bank Account No. XXXX-XXXXXX3967*, 2009 WL 541068, at *2 (E.D. Mich. Mar. 4, 2009) (concluding, based on sealed affidavit, that "[c]ivil discovery would compromise prospective witnesses and other evidence currently being collected by the Government in preparation for criminal prosecutions in connection with the underlying facts of this case," and granting motion to stay); *United States v. Real Prop. & Improvements Located at 10 Table Bluff Rd., Loleta*, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) (granting motion to stay where "[t]he Court has reviewed the sealed evidence and determined that the criminal investigation and this civil forfeiture case arise out of the same facts and circumstances, and are clearly related . . . [and] civil discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation[.]").  Having

determined that civil discovery in this case will adversely affect the ability of the government to conduct a related criminal investigation, the court is required under 18 U.S.C. § 981(g)(1) to grant the government's motion. *See* 18 U.S.C. § 981(g)(1) ("Upon the motion of the United States, the court *shall* stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added)). Accordingly, the government's motion is granted.[3]

C

Claimants urge the court to deny the motion for a stay, arguing that the initial seizure of their property violated the Due Process Clause of the Fifth Amendment and that the requested stay would "compound the due process violations by allowing the Government to continue to unlawfully retain the property and staying the case." Claimants' Br. 13.

The defendant property that is the subject matter of this action was seized in September and October of 2017, nearly 16 months ago. The government now requests a stay of unspecified duration. "Due process of law must be reasonable, meaningful, and timely or it has no value as a constitutional right." *United States v. Four (4) Contiguous Parcels of Real Prop. Situated in Louisville, Jefferson Cty., Ky.*, 864 F. Supp. 652, 655 (W.D. Ky. 1994). The court is mindful of the burdens civil forfeiture can place on claimants. And the

---

[3]Because the court is granting the government's motion to stay under 18 U.S.C. § 981(g)(1), it does not address its alternative motion for a 120 day stay under Fed. R. Civ. P. 56(d).

Supreme Court has held that indefinite stays will not be upheld. *See Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936) (stating "[t]he stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."). Accordingly, the current stay is for a determinate period of time. If the government desires to extend this stay, it must satisfy the burdens placed on it by 18 U.S.C. § 981(g). The court will continue to monitor the litigation and ensure that it proceeds in a timely manner.

V

In light of the stay granted today, the court takes the following actions regarding the other pending motions in this case.[4]

The government's October 2, 2018 motion to modify scheduling order is denied without prejudice as moot.

Claimants' October 9, 2018 motions to dismiss third amended complaint and claimants' November 8, 2018 motions for summary judgment are statistically terminated. Once the stay is lifted, the court will statistically reopen the motions and consider them on the briefing already on file.

---

[4]The court is addressing the government's December 26, 2018 sealed motion for a protective order and claimants' January 3, 2019 emergency motion to lift stay or in the alternative motion to dismiss for failure to prosecute in a separate order filed today.

\* \* \*

For the foregoing reasons, the court grants the government's November 29, 2018 renewed motion to stay civil forfeiture proceeding. This case is stayed for 120 days from the date this memorandum opinion and order is filed.

**SO ORDERED**.

February 6, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE