IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>$4,480,466.16 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT ENDING IN 2653;<br><br>$146,370.00 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT ENDING IN 0252;<br><br>$77,437.59 IN FUNDS SEIZED FROM CHARLES SCHWAB ACCOUNT ENDING IN 8588;<br><br>$263.47 in FUNDS SEIZED FROM WELLS FARGO ACCOUNT ENDING IN 2092;<br><br>$9,668.28 IN FUNDS SEIZED FROM BANK OF UTAH ACCOUNT ENDING IN 2251;<br><br>$2,814.51 IN FUNDS SEIZED FROM BANK OF UTAH ACCOUNT ENDING IN 8074;<br><br>A 2014 LAMBORGHINI AVENTADOR (VIN ZHWUR1ZD0ELA02916);<br><br>A 2016 FERRARI 488 (VIN ZFF80AMA0G0219421);<br><br>A 2017 BENTLEY CONTINENTAL GT V8 (VIN SCBFH7ZA0HC063118);<br><br>A 2017 MERCEDES-BENZ AMG S63 (VIN WDDUG7JB4HA325733); | Case No. 3:17-CV-2989 |

| | |
|---|---|
| A 2016 MERCEDES-BENZ G63 (VIN WDCYC7DF4GX258941); | |
| A 2016 DODGE RAM 2500 (VIN 3C6UR5DL1GG314858); | |
| A 2016 BMW ALPINA (VIN WBA6DC6C54GGK18160); | |
| REAL PROPERTY KNOWN AS 14888 LAKE FOREST DRIVE, DALLAS, TEXAS; | |
| $11,005.00 IN FUNDS SEIZED FROM CAPITAL ONE ACCOUNT ENDING IN 2713 | |
| REAL PROPERTY KNOWN AS 195 NORTH 200 WEST, LOGAN, UTAH | |
| REAL PROPERTY KNOWN AS 1408 WEST 2125 SOUTH, LOGAN, UTAH | |
| Defendants *in rem* | |

# CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO RECONSIDER AND MOTION TO LIFT STAY

Jack G. B. Ternan
TERNAN LAW FIRM, PLLC
1400 Preston Road, Suite 400
Plano, Texas 75093

**COUNSEL FOR CLAIMANT RETAIL READY CAREER CENTER, INC.**

Derek Ryan Staub
Cooper & Scully, P.C.
900 Jackson Street
Suite 100
Dallas, Texas 75202

**COUNSEL FOR CLAIMANT JONATHAN DAVIS, MELISSA RICHEY, LAKE FORREST DRIVE PROPERTIES, INC., CLEAR CONSCIENCE, LLC, AND TRADES UNITED, INC.**

Claimants Retail Ready Career Center, Inc. ("RRCC"), Jonathan Davis ("Davis"), Melissa Richey ("Richey"), Lake Forrest Drive Properties, Inc. ("Lake Forrest"), Clear Conscience LLC ("Clear Conscience), and Trades United Inc. ("Trades United") (collectively, the "Claimants") file this Reply Brief in Support of Their Motions to Reconsider and to Lift Stay ("Motion") as follows:

## I.
## PRELIMINARY STATEMENT

Words have meaning. "Summary judgment" is not "civil discovery" for purposes of a stay pursuant to 18 U.S.C. § 981(g), especially after the close of discovery. Moreover, the stay violates Claimants' due process rights under the Fifth Amendment. The Motion should be granted because the Government has no meritorious arguments against those propositions.

## II.
## ARGUMENTS AND AUTHORITIES

A. **The Government's Arguments Regarding 18 U.S.C. § 981(g) Are Without Merit.**

Section II(A) of the Response advances four arguments—none of which have merit.

1. **The Government continues its failure to meet the statutory requirements.**

As noted in the Motion, 18 U.S.C. 981(g) requires a showing of two things: (1) a related criminal investigation; and (2) that "**civil discovery** will adversely affect the ability of the Government to conduct" that related investigation.[1] In the Response, the Government concedes that both are required.[2] Given that the affidavits submitted by the Government to the Court have contained deliberate falsehoods, Claimants suspect that the Government has continued its misrepresentations in the supplemental affidavit filed in conjunction with the Response. However,

---

[1] *See* 18 U.S.C. § 981(g).

[2] *See* Response at 2.

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**　　　　**Page 1**

given that the supplemental affidavit was filed *ex parte*, Claimants have to assume the first element—a related criminal investigation—exists.

With respect to the second element, the Government argues that "civil discovery" in 18 U.S.C. § 981(g) means responding to summary judgment.[3] Claimants continue to assert that words have meaning, and that "civil discovery" is rather obviously not the same thing as "responding to summary judgment." If the Court wishes to ignore the plain meaning of 18 U.S.C. § 981(g) like other District Courts, then the Fifth Circuit will undoubtedly resolve the issue on mandamus.[4]

### 2. Judge Fitzwater correctly recognized that discovery cannot be reopened because the Government's violation of the scheduling order is not good cause for modifying the scheduling order.

In the Response, the Government details its history of failing to state a claim.[5] The Government then attempts to use its repeated failure to state a claim as justification for its failure to conduct discovery. The Government made no attempt to conduct discovery between December 18, 2017 and the beginning of August 2018. On or after the last day for doing so, the Government served written discovery requests and unilaterally noticed depositions for the last week in the discovery period.[6] The Government then moved for a thirty-day extension of discovery and cancelled the depositions. Judge Fitzwater granted the thirty-day extension. The Government did not attempt to reschedule the depositions, confer on discovery objections, or request relief relating

---

[3] *See* Response at 3-4.

[4] Claimants note that the Government's suggestion that Claimants "filed motions for summary judgment prior to conducting discovery" is a bit misleading. Claimants filed for summary judgment on the last day to do so over a month after discovery closed pursuant to the scheduling order.

[5] *See* Response at 5.

[6] A full history of the Government's incompetence in conjunction with discovery is set forth in Docket No. 131.

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**   **Page 2**

to the discovery responses within that thirty-day period or at any other time since! In short, the Government wasted the thirty extra days granted by Fitzwater and has essentially sat on its hands this entire case.

Recognizing its total lack of diligence in prosecuting discovery, the Government's second request to extend discovery was based on a different (but nonetheless still preposterous) theory. The deadline to add new parties was June 1, 2018.[7] The Government violated the scheduling order by adding two new defendants when it filed its Third Amended Verified Complaint on September 25, 2018. ***The Government then tried to argue that its addition of new parties in violation of the scheduling order constituted good cause for extending discovery six months!***[8] Claimants demonstrated through applicable authorities that violation of a court order is not good cause for modifying a scheduling order.[9]

Judge Fitzwater evidently agreed. He denied the motion to modify scheduling order as moot[10] and stated that he would rule on the pending motions to dismiss and motions for summary judgment based on the existing papers once the stay was lifted.[11] The Government has presented no argument or motion to overturn Judge Fitzwater's ruling to proceed based solely on the existing papers. Once the stay is lifted, the Court should rule on the motions to dismiss and motions for summary judgment based on the papers already submitted.

---

[7] *See* Scheduling Order at 2 (Docket No. 91).

[8] *See* Docket No. 143.

[9] *See* Docket No. 144.

[10] *See* Docket No. 219 at 3 ("The court today denies the motion to modify the Scheduling Order without prejudice as moot in view of the 120-day stay. *See infra* § V.")

[11] *See id*. at 10 ("Once the stay is lifted, the court will statistically reopen the motions and consider them on the briefing already on file.").

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR**
<u>**MOTION TO RECONSIDER AND MOTION TO LIFT STAY**</u>                    **Page 3**

### 3. The Government continues to conflate civil discovery with responses to motions for summary judgment.

The purpose of the third argument section in the Response is unclear and reflects the Government's confusion. For instance, the Government states:

> The impact of providing civil discovery to the other side governs whether the stay of the entire proceeding is appropriate. Regardless of whether the stay was granted before or after the expiration of the discovery date in the scheduling order, the Claimants ignore the adverse impact that disclosing evidence in response to their motions for summary judgment would necessarily have on the United States' criminal investigation.[12]

The first sentence is correct—the propriety of a stay is based on whether civil discovery would impact the investigation. The second sentence reflects the Government's confusion. ***Whether or not disclosing evidence in response to summary judgment harms the criminal investigation is irrelevant to the criteria that Congress set for determining a stay.*** Claimants recognize that in other cases, responding to summary judgment might harm a criminal investigation.[13] However, Congress chose not to allow a stay based on such harm. Instead, it provided for a stay only if "civil discovery" would harm the investigation.[14] In balancing the harm to property owners and the harm to the Government, Congress chose not to allow for stays based on summary judgment practice.

### 4. The Government's attempt to ignore the other provisions of CAFRA are without merit.

In the Motion, Claimants demonstrated that interpreting 18 U.S.C. § 981(g) to allow a stay after the close of discovery because the Government does not want to respond a motion for

---

[12] Response at 7.

[13] Given that no crime occurred and there is no evidence in support of the Government's case, responding to summary judgment in this case would not harm the Government's investigation because that investigation has already gone nowhere for over two years.

[14] 18 U.S.C. § 981(g).

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**         **Page 4**

summary judgment would be inconsistent with other provisions of the Civil Asset Forfeiture Reform Act.[15] In the Response, the Government addressed only one of the provisions relied upon by Claimants—18 U.S.C. § 983(j).

Claimants pointed to 18 U.S.C. § 983(j), which requires the Government to prove its case in order to restrain property,[16] as support for the conclusion that Congress was not concerned about requiring the Government to prove its case even if that would harm a criminal investigation. The Government makes the *non-sequitur* response that 18 U.S.C. § 983(j) is not applicable to this case because the Government used 18 U.S.C. § 981(b)(2) to seize the property. Claimants agree that the Government chose not to use 18 U.S.C. § 983(j)—which would have provided a rapid hearing to Claimants—and instead utilized the unconstitutional process in 18 U.S.C. § 981(b)—which has caused Claimants to have been unconstitutionally deprived of their property for 18 months without hearing or trial. However, the applicability of 18 U.S.C. § 983(j) to this case is irrelevant to the Motion. The question presented by the Motion is whether "civil discovery" in 18 U.S.C. § 981(g) was meant to include responding to summary judgment. Because Congress was perfectly willing to force the Government to present its case in 18 U.S.C. § 983(j), it is reasonable to conclude that Congress was not concerned about the Government having to show its hand in response to motions for summary judgment. Therefore, reading 18 U.S.C. § 981(g) to encompass merits motions (*i.e.,* more than civil discovery) is inconsistent with 18 U.S.C. § 983(j). It is also inconsistent with the other provisions of CAFRA identified in the Motion.

In short, "civil discovery" had closed by the time the Government moved for another stay, and responding to a motion for summary judgment is not "civil discovery." Therefore, no "civil

---

[15] *See* Motion at 10-11.

[16] 18 U.S.C. § 983(j).

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**       **Page 5**

discovery" could possibly have harmed the pending criminal investigation, and a stay cannot be granted pursuant to 18 U.S.C. § 981(g). Because Judge Fitzwater erred in concluding otherwise, the Motion should be granted, and the stay should be lifted.

**B.     The Government's Arguments That Continued Delay Of This Case Is Permissible Under The Fifth Amendment Are Without Merit.**

In the Motion, Claimants established that the stay of this case is inconsistent with the due process requirements of the Fifth Amendment.[17] In the Response, the Government makes two arguments.[18] The Government's first argument responds to the minor point mentioned in the Motion that the original seizures were unconstitutional.[19] The propriety of the original seizures is not relevant to whether granting a stay violates the Due Process Clause so Claimants will not address those arguments further.[20]

In response to the relevant issue—*i.e.* the constitutionality of a stay—the Government makes three erroneous arguments. <u>First</u>, the Government asserts that "Courts have not held the length of delay against the United States when considering challenges to requests to stay civil-

---

[17] *See* Motion at 11-14.

[18] *See* Response at 10-14. On page 14 of the Response, the Government provides a one paragraph response to the pending motion to dismiss based on failure to bring to trial. Claimants addressed that argument in their reply in support of the motion to dismiss. *See* Docket No. 227.

[19] *See* Response at 11-12.

[20] The Government's argument depends on the Supreme Court's decision in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974), which was limited to its facts by the Supreme Court in *United States v. James Daniel Good Real Property*, 510 U.S. 43, 51 (1993) ("Central to our analysis in *Calero–Toledo* was the fact that a yacht was the 'sort [of property] that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given.'"). In any event, the Fifth Circuit is currently considering the propriety of the Government's seizures in this case, and the Court need not address the question in conjunction with the Motion.

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY          Page 6**

forfeiture proceedings".[21]  In making that contention, the Government simply ignored the Supreme Court, Fifth Circuit, and Second Circuit authority cited in the Motion.[22]  Instead, the Government relies on a district court case from the Southern District of Ohio.[23]  That case involved a three-year **<u>agreed</u>** stay of the case.[24]  Because the property owner did not contest the stays, the third and fourth *Barker* factors weighed against dismissal.[25]  The district court judge correctly concluded that a party cannot seek dismissal based on a delay that it did not contest.  In this case, Claimants have not agreed to any of the Government's numerous stall tactics and excuses for its failure to prosecute.  This case is far more akin to the Fifth Circuit case where the Government has essentially

---

[21] *See* Response at 12.

[22] *See* Motion at 12-13 (*citing United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 564 (1983) ("Nevertheless, the Fifth Amendment claim here—which challenges only the length of time between the seizure and the initiation of the forfeiture trial—mirrors the concern of undue delay encompassed in the right to a speedy trial."); *United States v. $23,407.69 in U.S. Currency*, 715 F.2d 162, 163 (5th Cir. 1983) ("The appellee opposes the forfeiture on the ground the thirteen month delay from the time of the seizure until the complaint for forfeiture was filed by the government deprived him of his constitutional and statutory rights to a prompt resolution of the forfeiture issue. The district court agreed with the appellee's assertion that the delay was inordinate and unjustified. The court denied the government's forfeiture petition. We affirm."); *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2d Cir. 1986) ("The Government argues that, once an action is filed, delays of any length may be granted to allow completion of related criminal proceedings. To require prompt filing of a forfeiture action but allow indefinite postponement of the trial would reduce the filing requirement to a nullity. Under the *Barker* test, which we think applies to the holding of the forfeiture trial as well as to the filing of the action, there is a due process violation at some point.")).

[23] *See United States v. $1,111,120.00 in U.S. Currency*, No. 3:10–cv–317, 2014 WL 619436 (S.D. Ohio Feb. 18, 2014).

[24] *See id*. at *2 (S.D. Ohio Feb. 18, 2014) ("although the greatest contributing factor to the alleged delay in this civil case was the stay of proceedings, Claimants neither opposed the Government's motion when it was filed, nor did they express any concern about the delay until this Court's independent inquiry brought the matter to light.").

[25] *See id*. at *3 ("In applying the facts of this particular case, the third and fourth factors would weigh heavily against Claimants' assertions.").

sat on its hands for months without any explanation.[26]  Additionally, Claimants have not asserted that length of the delay is the only factor.  Claimants asked the Court to apply the Supreme Court's balancing test of which the length of the delay is merely the most important of four factors.[27]

Second, the Government makes the silly argument that "*Barker* does not apply post-CAFRA".[28]  Did Congress *sub silentio* change the meaning of the Fifth Amendment or otherwise dispense with the Constitution's requirement of due process?  Obviously not.  Even the case the Government cites for its dubious proposition applied *Barker*.[29]

Third, the Government continues its faulty analysis when attempting to apply the *Barker* factors.  With respect to the first factor—length of delay—the Supreme Court has said that eighteen months is significant, and the Fifth Circuit has said that thirteen months is enough to justify dismissal.[30]  Here, about eighteen months have passed since the seizures began on September 20, 2017.  In the face of this binding authority, the Government cites one district court case for the proposition that "Courts have found the length of delay after the filing of the complaint to be

---

[26] *See United States v. $23,407.69 in U.S. Currency*, 715 F.2d 162, 166 (5th Cir. 1983) ("We follow prior authority, as well, in holding that the government must explain and justify substantial delays in seeking forfeiture of seized property.").

[27] *See Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. at 565 ("In applying the Barker balancing test . . . the overarching factor is the length of the delay.  As we said in Barker, the length of the delay 'is to some extent a triggering mechanism.'")

[28] *See* Response at 13.

[29] *See $1,111,120.00 in U.S. Currency*, 2014 WL 619436, at *2 ("Assuming *arguendo* that the *Barker* test is applicable to the pending action . . . .").

[30] *See Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. at 565 ("We regard the delay here—some 18 months—as quite significant.  Being deprived of this substantial sum of money for a year and a half is undoubtedly a significant burden.") ; *$23,407.69 in U.S. Currency*, 715 F.2d at 165.

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**          **Page 8**

irrelevant under the first factor."[31] That case involved only real property—which was not seized as most of the property in this case was—and the court held that due process was accordingly not implicated just because the case was pending.[32] Thus, even if this Court were inclined to deviate from binding precedent from the Supreme Court and Fifth Circuit (and the persuasive authority from the Second Circuit)[33] in favor of a single district court case, the rationale of the Government's case would be inapplicable to almost all the property seized. Given that eighteen months have elapsed since the seizures began and the Supreme Court has held that eighteen months is a significant delay, there is no legitimate argument against the conclusion that the first *Barker* factor weighs against the Government.[34]

With respect to the second factor—the reasons for the delay—the Government's contention has already been rejected by binding authority. The Supreme Court held that criminal ***proceedings*** can justify a delay in a forfeiture.[35] However, there are no criminal proceedings in this case because no crime has occurred, and no one has been indicted. In the Fifth Circuit case where no criminal indictment occurred, thirteen months was too long.[36] Indeed, the Fifth Circuit requires a

---

[31] *See* Response at 13 (*citing United States v. 2121 Celeste Rd. SW*, 189 F. Supp. 3d 1208, 1284 (D.N.M. 2016)).

[32] *See United States v. 2121 Celeste Rd. SW*, 189 F. Supp. 3d 1208, 1284 (D.N.M. 2016) ("The property was not seized by the filing of the notice of lis pendens and Fraire remained free to use the property as he saw fit.").

[33] *See supra* n.21.

[34] *See supra* n.30.

[35] *See Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. at 567 ("Pending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings.").

[36] *See $23,407.69 in U.S. Currency*, 715 F.2d at 165.

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**                        **Page 9**

specific explanation of why the investigation is taking so long in order to justify delay.[37] While the Government may have met the evidentiary requirements under 18 U.S.C. § 981(g) to show that there is a related criminal investigation, it has never provided any explanation for its over two year, interminable investigation into a school that operated for less than three full years. In short, the second factor also weighs heavily against the Government based on binding authority.

The Government concedes that the third factor—the timing of claimant's assertion of his rights—favors the Claimants.[38]

With respect to the fourth factor—prejudice to the claimant—the Government again cited a district court opinion.[39] However, the Fifth Circuit has recognized that being deprived of money constitutes prejudice—and all of the Claimants have been deprived of their funds for almost eighteen months![40]

Therefore, all four factors support the conclusion that the stay constitutes a violation of the Due Process Clause of the Fifth Amendment.

### III.
### CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Claimants respectfully request that the Court grant the Motion, lift the stay, and grant Claimants such other and further relief, at law or in equity, to which they may be justly entitled.

---

[37] *See $23,407.69 in U.S. Currency*, 715 F.2d at 166 (5th Cir. 1983) ("We follow prior authority, as well, in holding that the government must explain and justify substantial delays in seeking forfeiture of seized property.").

[38] *See* Response at 13 ("Third, the United States and the court recognize the Claimants have been actively involved in this litigation and have asserted their rights.").

[39] *See* Response at 14 (*citing 2121 Celeste Rd. RW*, 189 F. Supp. 3d at 1208)).

[40] *See $23,407.69 in U.S. Currency*, 715 F.2d at 166.

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR**
**MOTION TO RECONSIDER AND MOTION TO LIFT STAY**            **Page 10**

Respectfully submitted,

By: /s/ Jack G. B. Ternan
Jack G. B. Ternan
State Bar No. 24060707
jt@ternanlawfirm.com
TERNAN LAW FIRM, PLLC
1400 Preston Road, Suite 400
Plano, Texas 75093
Telephone: (972) 665-9939
Facsimile: (972) 476-1361
**COUNSEL FOR CLAIMANT RETAIL READY CAREER CENTER, INC.**

By: /s/ Derek Staub
Derek Ryan Staub
State Bar No. 24063017
Derek.Staub@cooperscully.com
Cooper & Scully, P.C.
900 Jackson Street
Suite 100
Dallas, Texas 75202
Phone: 214.712.9518
Fax: 214.712.9540
**COUNSEL FOR CLAIMANT JONATHAN DAVIS, MELISSA RICHEY, LAKE FORREST DRIVE PROPERTIES, INC., CLEAR CONSCIENCE, LLC, AND TRADES UNITED, INC.**

## CERTIFICATE OF SERVICE

I certify that on March 27, 2019, I electronically filed the foregoing document with the Clerk for the United States District Court for the Northern District of Texas using the CM/ECF System, and that service of such filing will be made electronically on all counsel of record, including counsel for the United States of America, Beverly K. Chapman.

/s/ Jack G. B. Ternan
Jack G. B. Ternan

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO RECONSIDER AND MOTION TO LIFT STAY**        **Page 11**