UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 3:17-CV-02989-X |
| v. | § | |
| | § | |
| $4,480,466.16 IN FUNDS SEIZED | § | |
| FROM BANK OF AMERICA | § | |
| ACCOUNT ENDING IN 2653, et al., | § | |
| | § | |
| *Defendants* in rem. | § | |

## MEMORANDUM OPINION AND ORDER

This case is the subject of four memorandum opinions and orders.[1] Here, the government moves under 18 U.S.C. § 981(g)(1) to stay this *in rem* civil forfeiture action during the pendency of a related, ongoing criminal investigation [Doc. No. 256]. This motion is ripe for this Court's review as of January 27, 2020. To ensure no unnecessary delay, the Court decides the motion today.

For the following reasons, the Court **GRANTS IN PART** the motion and stays the case for a period of 60 days. In view of the stay, the court also **DISMISSES AS MOOT** the government's motion to modify the scheduling order [Doc. No. 258] and

---

[1] *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2019 WL 459645 (N.D. Tex. Feb. 6, 2019) (Fitzwater, J.); *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2018 WL 4096340 (N.D. Tex. Aug. 28, 2018) (Fitzwater, J.); *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2018 WL 2184500 (N.D. Tex. May 11, 2018) (Fitzwater, J.); and *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2018 WL 1964255 (N.D. Tex. Apr. 26, 2018) (Fitzwater, J.). These four memorandum opinions and orders contain the background facts and procedural history relevant to this decision, which are unnecessary to detail fully here.

**STATISTICALLY TERMINATES** the claimants' pending motions to dismiss while the stay is in effect [Doc. Nos. 148, 151, 153, 155, 157, 159 and 223].[2]

## I.

Section 981(g)(1) of Title 18 provides: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."[3] In deciding whether to grant a stay, "the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will 'adversely affect' the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed."[4]

## II.

After careful consideration, the Court grants a stay because the requirements of Section 981(g)(1) are satisfied. Specifically, the Court has reviewed the government's motion and its sealed "Verification Affidavit in Support of Motion to Extend Stay," of Miguel Coias, a Special Agent of the Veterans Affairs Office of Inspector General–Criminal Investigations Division, and it has considered the claimants' objection to the motion. Based on the briefing and sealed affidavit, the

---

[2] Under section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3] 18 U.S.C. § 981(g)(1).

[4] *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account No. 7240001868*, 2004 WL 1834589, at *2 (N.D. Tex. 2004) (Fish, C.J.).

Court determines that a related criminal investigation exists and that civil discovery, in the form of disclosures in response to motions for summary judgment, will adversely affect the related criminal investigation.

To make the latter determination, the Court has also considered the parties supplemental briefing—ordered by the Court on July 17, 2019—on whether disclosure of evidence in response to a motion constitutes civil discovery under Section 981(g). The government argues that to fully respond to the claimants' motions for summary judgment, the government would have to provide the claimants with discovery and with information it has compiled during the related criminal investigation—specifically regarding the identity and testimony of its witnesses. Therefore, the government concludes that summary-judgment motions practice constitutes civil discovery under Section 981(g). In support of this argument, the government cites examples of federal district courts staying similar cases, or refusing to lift stays, because of how summary judgment responses would harm the government's related criminal investigation.[5] The claimants do not address any of this case law in their supplemental brief or in their response to the government's

---

[5] *See, e.g., United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, 2011 WL 6000790 at *2 (D. Or. Nov. 30, 2011) (concluding "that civil discovery, whether initiated by claimants or necessitated by claimants' motions for summary judgment, would adversely affect the ability of the government to prosecute the related criminal investigation"); *United States v. $166,450.48 in U.S. Currency*, 2013 WL 6623176, at *3 (D. Or. Dec. 16, 2013) (concluding "that the government would be compelled to engage in discovery and/or reveal information and evidence previously collected in the course of its criminal investigation in order to effectively respond to claimants' assertions that they are innocent owners and/or bona fide purchasers entitled to the return of their property"); *United States v. $247,052.54*, 2007 WL 2009799, at *1–3 (N.D. Cal. July 6, 2007) (declining to lift a stay to allow a claimant to file a summary judgment motion because the government would be required to seek written discovery and subject witnesses to depositions, cross-examination, and pre-trial declarations).

motion to extend the stay, other than to claim that "two district court judges have arguably made that erroneous connection" between summary-judgment motions practice and civil discovery.[6]

In addition to being persuaded by the government's briefing on this question, the Court upholds its previous conclusion regarding this question already offered in this case:

> The purpose of a stay under § 981(g)(1) is to prevent the target of a criminal investigation from using the broad scope of civil discovery to obtain information that would not otherwise be available to that person in a parallel criminal prosecution. In light of this purpose, the court can discern no relevant distinction between the forced disclosure of this information through traditional civil discovery procedures and compelling the government to disclose this same information for the purpose pertinent here: opposing claimants' summary judgment motions.[7]

The statute does not include a limiting definition of civil discovery. And giving the undefined term the restricted meaning claimants propose would allow claimants to instantly file a no-evidence motion for summary judgment to make the government disclose their evidence. This is precisely what the statute was written to guard against, and the Court declines to change its position to give the undefined term a more restrictive meaning than its text and context indicate it should have.

While determining that a temporary stay is necessary, the Court is mindful of and sympathetic to the claimants' concerns regarding the government's timeliness

---

[6] *Claimants' Response in Opposition to United States' Renewed Motion to "Extend" Stay, Objections to Purported Evidence, and Brief in Support*, at 19 [Doc. No. 263].

[7] *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 2019 WL 459645 at *3 (internal citations omitted).

4

and transparency in conducting its related criminal investigation. The Court reminds the parties of the three stages of the government's power in *in rem* actions like this. First, before filing its civil action, the government's power is very limited, and even delays of a short duration can be problematic. Second, after initiating its civil case, the government's power increases but a delay of a significant magnitude can be a constitutional problem. Third, after obtaining indictments, the government's power is at its highest, and it almost assuredly can obtain civil stays pending the outcome of the criminal case. Here, the government is at the second stage—it has initiated a civil action, and it is seeking to obtain indictments. Its power is strong but certainly not absolute.

III.

The Court has reviewed the briefing and affidavit carefully, and it is satisfied—at this time—with the government's position. But because the government's power at this stage is far from absolute, the Court believes a 120-day stay is too lengthy. Therefore, the Court **GRANTS IN PART THE MOTION TO STAY** and **ORDERS** a 60-day stay, which will begin immediately and expire on March 30, 2020. . In view of the stay, the court also **DISMISSES AS MOOT** the government's motion to modify the scheduling order [Doc. No. 258] and **STATISTICALLY TERMINATES** the claimants' pending motions to dismiss while the stay is in effect [Doc. Nos. 148, 151, 153, 155, 157, 159 and 223].

If the government seeks to extend the stay, it must request an extension in a motion, supported by an updated sealed affidavit, filed by March 30, 2020. To ensure

no unnecessary delays, the claimants' response will be due seven days after the government files its motion. And the government's reply will be due four days after the claimants' file their response.

**IT IS SO ORDERED** this 30th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE