UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>$4,480,466.16 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT ENDING IN 2653;<br><br>$146,370.00 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT ENDING IN 0252;<br><br>$77,437.59 IN FUNDS SEIZED FROM CHARLES SCHWAB ACCOUNT ENDING IN 8588;<br><br>$263.47 in FUNDS SEIZED FROM WELLS FARGO ACCOUNT ENDING IN 2092;<br><br>$9,668.28 IN FUNDS SEIZED FROM BANK OF UTAH ACCOUNT ENDING IN 2251;<br><br>$2,814.51 IN FUNDS SEIZED FROM BANK OF UTAH ACCOUNT ENDING IN 8074;<br><br>A 2014 LAMBORGHINI AVENTADOR (VIN ZHWUR1ZD0ELA02916);<br><br>A 2016 FERRARI 488 (VIN ZFF80AMA0G0219421);<br><br>A 2017 BENTLEY CONTINENTAL GT V8 (VIN SCBFH7ZA0HC063118); | Civil Action No. 3:17-CV-02989-X |

| | |
|---|---|
| A 2017 MERCEDES-BENZ AMG S63 (VIN WDDUG7JB4HA325733); | § § § |
| A 2016 MERCEDES-BENZ G63 (VIN WDCYC7DF4GX258941); | § § § |
| A 2016 DODGE RAM 2500 (VIN 3C6UR5DL1GG314858); | § § § |
| A 2016 BMW ALPINA (VIN WBA6DC6C54GGK18160); | § § § |
| REAL PROPERTY KNOWN AS 14888 LAKE FOREST DRIVE, DALLAS, TEXAS; | § § § § |
| $11,005.00 IN FUNDS SEIZED FROM CAPITAL ONE ACCOUNT ENDING IN 2713; | § § § § |
| REAL PROPERTY KNOWN AS 195 NORTH 200 WEST, LOGAN, UTAH; | § § § |
| REAL PROPERTY KNOWN AS 1408 WEST 2125 SOUTH, LOGAN, UTAH, | § § § |
| *Defendants in rem.* | § § |

## **MEMORANDUM OPINION AND ORDER**

In September 2017, the United States seized claimant's property and then filed this civil forfeiture action a month later, alleging that the property is statutorily forfeitable due to its relationship to criminal activity. The government requested a stay in this case, which expired in May 2020, to avoid civil discovery prejudicing a related criminal investigation. To date, there has been no criminal indictment related to this matter. The claimants filed a Motion to Dismiss for Failure to Bring Case to Trial [Doc. No. 223]. For the reasons outlined below, the Court **DENIES**

**WITHOUT PREDJUDICE** the motion to dismiss. The Court will entertain another motion to dismiss in 30 days. Until then, the Court **ADMINISTRATELY CLOSES** the case. This administrative closure cannot and will not stop the Court from ruling on the pending Motions to Dismiss for Failure to State a Claim [Doc. No's. 148, 151, 153, 155, 157, 159], and that ruling will be forthcoming.

## I. Legal Standards

The government bears the responsibility of explaining and justifying substantial delays in seeking forfeiture of seized property.[1] The Supreme Court has held that substantial delays can implicate the claimant's Fifth Amendment Due Process rights and uses the four-factor test for speedy trial violations to determine whether due process is infringed.[2] The four factors are: (1) length of delay; (2) the reason for the delay; (3) the claimant's assertion of his right; and (4) prejudice to the claimant.[3]

## II. Application

### A. Length of Delay

In applying this balancing test, "the overarching factor is the length of delay."[4] The Supreme Court regarded an 18-month delay between seizure and filing the forfeiture action to be "quite significant," and depriving the defendant of $8,850 for

---

[1] *United States v. $23,407.69 in U.S. Currency*, 715 F.2d 162, 166 (5th Cir. 1983).

[2] *United States v. $8,850 in U.S. Currency*, 461 U.S. 555, 563–64 (1983).

[3] *Id.* at 564 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

[4] *Id.* at 565.

that long was "undoubtedly a significant burden."[5] Here, the government filed the forfeiture action a month after seizure, but this action has been pending for three years and involves several million dollars' worth of currency and property.

## B. Reason for Delay

Pending criminal proceedings, which often include forfeiture as part of the sentence, can present a valid justification for delay, because "[a] prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution."[6] This case has remained under a Court-imposed stay that lasted until May 2020, which the government requested to avoid prejudice to their related criminal investigation. In a sealed, ex parte declaration, which the Court will not detail, the government provided a timeline for the criminal proceedings. However, the government has yet to indict the claimants.

## C. Assertion of Rights

The claimants have asserted their rights to the seized property here by filing motions to dismiss and motions for summary judgment.

## D. Prejudice

Regarding prejudice to the claimants, "[t]he primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence."[7] The claimants

---

[5] *Id.*

[6] *Id.* at 567.

[7] *Id.* at 569.

argued only that deprivation of their property is burdensome and did not discuss whether they would suffer the sort of prejudice described by the Supreme Court.

### III. Conclusion

In this case, the balance of factors indicates that the government's delay in bringing this case to trial is reasonable and does not yet implicate Fifth Amendment due process concerns. The Court, however, recognizes that the constitutional dynamics in forfeiture cases are in constant flux, and the balance could be different 30 days from now. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Motion to Dismiss for Failure to Bring Case to Trial. The Court will entertain another motion to dismiss in 30 days. Meanwhile, the Court **ADMINISTRATIVELY CLOSES** this case for 30 days. This closure cannot and will not prohibit the Court's forthcoming rulings on the claimants' Motions to Dismiss for Failure to State a Claim.

**IT IS SO ORDERED**, this 29th day of October 2020

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE