UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Civil Action No. 3:17-CV-02989-X |
| $4,480,466.16 IN FUNDS SEIZED | § | |
| FROM BANK OF AMERICA | § | |
| ACCOUNT ENDING IN 2653; et al. | § | |
| | § | |
| Defendants in rem. | § | |

**MEMORANDUM OPINION AND ORDER**

In 2017, the United States seized the claimants' property and then filed this civil forfeiture action, alleging that the property is statutorily forfeitable due to its relationship to criminal activity. Each claimant moved separately to dismiss the government's Third Amended Complaint [Doc. Nos. 148, 151, 153, 155, 157, 159]. For the reasons outlined below, the Court **DENIES** the motions to dismiss.

**I. Factual Background**

The United States Department of Veterans Affairs (the Department) offers education benefits programs, including the GI Bill. The GI Bill provides financial support to service members, veterans, and eligible dependents who attend approved education or training programs—including 100% tuition and fee coverage paid directly to the school. Approved schools must also receive approval from the "state approving agency" of the state in which it is located. The approval process requires the schools to certify that "'the school will not utilize advertising of any type which is

1

erroneous or misleading, either by actual statement, omission, or intimation'"; "'the school will not provide any commission, bonuses, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any person or entities engaged in student recruiting or admission'"; and that the school complies with the 85-15 rule, which prevents the Department from approving a veteran's enrollment in a course "'for any period during which more than 85 percent of the students enrolled in the course are having all or part of their tuition, fees or other charges paid for them by the educational institution or by the [Department] . . . .".[1] The Texas Veterans Commission, the state approving agency in Texas, requires schools to annually certify compliance with various statements of assurance.

Retail Ready Career Center (Retail Ready) offered training in heating, ventilation, and air conditioning, through a six-week "boot camp style" course. Most students at Retail Ready were veterans who paid for the course using their GI Bill benefit, but courses were open to other participants as well. Retail Ready regularly supplied statements of compliance with the appropriate regulations, signed by Jonathon Davis, the founder and CEO of Retail Ready.

The United States, however, alleges that Davis and other individuals behind Retail Ready consistently violated the regulations and fraudulently concealed the non-compliance in a scheme to defraud the Department out of significant sums of money. The government further claims that the subject property—currency from several bank accounts, various luxury cars, and three parcels of real property—are

---

[1] Doc. No. 137 at 9–10, 15.

proceeds (or are derived from proceeds) of specified unlawful activity and therefore forfeitable under the Federal Civil Forfeiture Statute. The United States obtained a warrant and seized the subject property in September 2017, filing this forfeiture action shortly thereafter. But to date there has been no criminal indictment related to this matter. This is the government's Third Amended Complaint, and the claimants each moved separately to dismiss for failure to state a claim.

## II. Legal Standards

The Federal Rules of Civil Procedure Supplemental Rules govern the pleading requirements in civil forfeiture actions.[2] Under Supplemental Rule G(2), a legally sufficient forfeiture complaint must:

(a) be verified;
(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
(c) describe the property with reasonable particularity;
(d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;
(e) identify the statute under which the forfeiture action is brought; and
(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.[3]

This standard is higher than Rule 12(b)(6), but it retains the general standard "that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit," with sufficient particularity to enable a claimant to conduct a "meaningful investigation of the facts and draft[] a responsive

---

[2] FED. R. CIV. P. SUPP. G(1).

[3] FED. R. CIV. P. SUPP. G(1)(a)–(f).

3

pleading."[4]  A complaint that satisfies Rule (G)(2) therefore also satisfies Rule 12(b)(6).[5]

A claimant who establishes standing may move to dismiss the action under Rule 12(b).[6]  The Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[7]  In determining the sufficiency of the pleadings, the Court considers the complaint and supporting affidavits, even if filed under seal, so long as the claimants have access.[8]  In actions governed by 18 U.S.C. § 983(a)(3)(D), "the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property"—governed by Rule (G)(2).[9]

### III. Application

A. Sufficiency of the Complaint

The Federal Civil Asset Forfeiture Statute establishes the forfeitability of specified property that is tied to criminal activity, including:

> (a)(1)(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property. . . .

---

[4] *United States v. Mondragon*, 313 F.3d 862, 865, 867 (4th Cir. 2002).

[5] *United States v. Real Prop. Known as a Single-Family Residence Located & Situated at 19211 Grey Bluff Cove, San Antonio, Tex.*, 2016 WL 1255742 at *2 (W.D. Tex. Mar. 3, 2016).

[6] FED. R. CIV. P. SUPP. G(8)(b)(i).

[7] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[8] *See United States v. $4,480,466.16 in Funds*, 2018 WL 1964255 at *6 (N.D. Tex. Apr. 26, 2018) (refusing to consider the government's sealed, ex parte affidavit in determining the sufficiency of the complaint); 2018 WL 4096340 at *3 (N.D. Tex. Aug. 28, 2018) (allowing the sealed affidavit's use to support the complaint because a copy had been given to the claimants).

[9] FED. R. CIV. P. SUPP. G(8)(b)(ii).

> (a)(1)(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" . . . or a conspiracy to commit such offense.[10]

"Specified unlawful activity," includes Theft of Government Funds,[11] Mail Fraud,[12] and Wire Fraud.[13] And Money Laundering is an offense contained in section 1956.[14]

The United States alleges that the claimants committed Wire Fraud, Mail Fraud, Theft of Government Funds, Conspiracy to Commit a Specified Unlawful Activity, and Money Laundering. Property obtained via Wire Fraud, Mail Fraud, Theft of Government Funds, and Conspiracy to Commit a Specified Unlawful Activity is subject to forfeiture under section 981(a)(1)(C), and property involved in Money Laundering is subject to forfeiture under section 981(a)(1)(A). Supporting its accusations, the United States offered 17 pages of factual allegations in the complaint and another 24 pages of factual allegations in the sealed affidavit—which was provided to the claimants. These factual allegations detail the alleged criminal activity and identify the forfeitable relationship between the alleged crimes and the property at issue here.[15]

---

[10] 18 U.S.C. § 981(a)(1)(A), (a)(1)(C).

[11] *See id.* § 1956(c)(7)(D) (covering "an offense under . . . section 641 (relating to public money, property, or records)").

[12] *See id.* § 1956(c)(7)(A) (covering "any act or activity constituting an offense listed in section 1961(1) of this title . . . ."); § 1961(1) ("section 1341 (relating to mail fraud)").

[13] *See id.* § 1956(c)(7)(A) (covering "any act or activity constituting an offense listed in section 1961(1) of this title . . . ."); § 1961(1) (covering "section 1343 (relating to wire fraud)").

[14] *See id.* § 1956.

[15] The affidavit from Special Agent Miguel Coias describes in detail the alleged fraudulent scheme run by the claimants. The scheme includes allegedly falsifying records and offering scholarships to random veteran students solely to meet the 85-15 Rule, forming two other corporations to harvest veterans' information and then solicit their admission to Retail Ready, and offering commissions and other incentives to employees based on application and enrollment numbers. In

Taken as true, the government's allegations state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.[16] The pleadings also sufficiently notify claimants "of the incident in dispute and afford a reasonable belief that the claim has merit," with enough particularity to enable the claimants to conduct a "meaningful investigation of the facts and draft[] a responsive pleading."[17] Notably, the claimants later filed motions for summary judgment, which demonstrates the complaint's efficacy in allowing the claimants to conduct an investigation and draft responsive pleadings.

Because the United States met its pleading burden under the supplemental rules, the Court **DENIES** the motions to dismiss.

### B. Claimants' Objections

The claimants argue that the government's pleadings contain a host of defects that are prejudicially fatal to the case. The claimants' arguments revolve around Supplemental Rule G(1)(f), which requires the government to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet

---

support, Agent Coias conveys statements from former Retail Ready employees and other non-government insiders with knowledge of the facts. The affidavit includes excerpts from Davis's personal journal. Finally, the affidavit includes a detailed narrative into the financial investigation and traces the Department funds, which Retail Ready received, to each bank account and article of property that the government seized.

[16] *See* FED. R. CIV. P. SUPP. G(1)(a)–(f).

[17] *See Mondragon*, 313 F.3d at 865, 867.

its burden of proof at trial."[18]  The claimants focus on the words "at trial" and essentially argue that the United States failed the pleading standard by not including a complete trial-ready record in the pleadings.  Specifically, the claimants argue the United States failed to designate an expert witness to support its case; conclusively establish the connection between the property and the criminal violations; and demonstrate that the property was in fact involved in a crime or constitutes criminal proceeds or instrumentalities.

But this argument misconstrues the pleading standard under the supplemental rules.  As already discussed, Rule G(1)(f) requires *reasonable belief* that the government can meet its burden at trial, not concrete proof that is sufficient to withstand a trial.  The claimants provide no authority which requires the government to produce trial exhibits or designate a complete list of witnesses in order to pass the pleading stage.  The pleading burden in civil forfeiture cases is indeed higher than in regular civil litigation, but it does not require trial-ready and trial-proof evidence.  As discussed, the United States met the burden established by the supplemental rules and relevant case law.

### IV. Conclusion

For the reasons outlined above, the Court **DENIES** the motions to dismiss.

**IT IS SO ORDERED**, this 17th day of November, 2020

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] FED. R. CIV. P. SUPP. G(1)(f).