UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-CV-02989-X |
| $4,480,466.16 IN FUNDS SEIZED | § | |
| FROM BANK OF AMERICA | § | |
| ACCOUNT ENDING IN 2653; et al. | § | |
| | § | |
| *Defendants in rem.* | | |

**MEMORANDUM OPINION AND ORDER**

In 2017, the United States seized the claimants' property and filed this civil forfeiture action. After a lengthy investigation, the government filed an indictment for crimes of which the *in rem* property is allegedly the proceeds or instrumentalities of. The United States then moved to stay the civil forfeiture proceeding pending the resolution of the related criminal case [Doc. No. 303]. For the reasons below, the Court **GRANTS** the motion and stays the civil forfeiture proceeding.

### I. Legal Standards

The Civil Asset Forfeiture statute establishes that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."[1]

---

[1] 18 U.S.C. § 981(g)(1).

1

## II. Analysis

The government contends that it possesses information that would adversely affect the criminal prosecution if disclosed to the claimants at this time, and therefore a stay is appropriate under section 981(g)(1).  The claimants, however, point out that the discovery deadline lapsed on October 4, 2018.[2]  Because no more discovery procedures are allowed, the claimants argue that there is no discovery to adversely affect the government's prosecution.  The claimants therefore urge the Court to deny the stay and set a deadline for the United States to respond to their motions for summary judgment.

But formal discovery procedures are not the only mechanism that discloses evidence and information between the parties.  The Court has recognized that there is "no relevant distinction between the forced disclosure of this information through traditional discovery procedures and compelling the government to disclose this same information for the purpose [of] opposing claimants' summary judgment motions."[3]  Further, the claimants do not cite any authority for the proposition that a court cannot stay a case under section 981(g)(1) if the scheduling order's discovery deadline expired.

In a sealed ex parte affidavit, the United States detailed how further discovery would adversely affect its prosecution of the related criminal case.  Because disclosure via summary judgment response would be no different than disclosure through

---

[2] Doc. No. 306 at 7 (citing Doc. No. 136).

[3] Doc. No. at 219 at 6 (Fitzwater, J.).

formal discovery, the Court determines that civil discovery would adversely affect the ability of the government to conduct the prosecution of a related criminal case. Accordingly, the Court **GRANTS** the motion to stay civil forfeiture proceeding and stays the case.

### III. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion to stay forfeiture proceeding and **STAYS** this forfeiture proceedings pending the resolution of the related criminal case.

**IT IS SO ORDERED** this 29th day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE